[No. 1946]

## JAMES MIRODIAS, STELLA MIRODIAS, AND GEORGE MARAGOS, RESPONDENTS, *v.* SOUTHERN PACIFIC COMPANY, APPELLANT.

[145 Pac. 912]

1. RAILROADS—AUTHORITY OF AGENT.

The authority of an agent cannot be inferred from his conduct, and the fact that a station agent and section foreman of a railroad assume to generally manage the company's business in the vicinity warrants no inference of authority to lease or permit the construction of private dwellings on the right of way or to give away materials belonging to the company.

2. TRIAL—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

Where the plaintiffs contended that the defendant railroad company had converted a building which they constructed on its right of way with the permission of the company's station agent and section foreman, an instruction that in such case the company was estopped to claim the building if the agents had a reasonably general control of its affairs at that point was not warranted, where there was no testimony that such agents exercised a reasonably general control.

3. RAILROADS—INSTRUCTIONS—MISLEADING INSTRUCTIONS.

As there was no evidence of the authority of such agents, the instruction, which did not define what was meant by reasonably general control, was misleading.

4. EVIDENCE—ADMISSIONS BY PARTY.

Where plaintiffs claimed to own a building which they constructed on defendant's right of way, partly out of materials owned by defendant, evidence that, in a prosecution for the theft of such materials, plaintiff's counsel had in their presence stated that the building and materials belonged to defendant, and that it had not been deprived of its ownership, was admissible as an admission.

APPEAL from Second Judicial District Court, Washoe County; *W. H. A. Pike*, Judge.

Action by James Mirodias and others against the Southern Pacific Company. From a judgment for plaintiffs and an order denying a new trial, defendant appeals. **Reversed,** and remanded for new trial.

*Charles R. Lewers,* for Appellant.

*James Glynn,* for Respondents.

*Per Curiam:*

This is an action for damages for the conversion of a certain frame dwelling-house in the town of Mina and

for certain articles of personal property within said dwelling-house at the time of the alleged conversion. The prayer of the complaint was for $813 actual damages and $1,000 exemplary damages. The case was tried to a jury, and a verdict rendered for the plaintiffs for $375 damages. From the judgment and from an order denying a motion for a new trial, defendant has appealed.

At the time of the alleged conversion or shortly prior thereto, the plaintiffs, respondents herein, had been employees of defendant, appellant herein, as car repairers, and had been living in a construction car of defendant provided for such purpose, and which was upon a side track in the town of Mina. The house in question was constructed by the plaintiffs upon the right of way of defendant. In the construction of the house it is conceded that some of the lumber used was obtained from the defendant, but the evidence is conflicting as to the amount of defendant's lumber so used.

[1] It was the contention of defendant at the trial that that the plaintiffs were trespassers, and hence could acquire no rights of property by means of such trespass, and further that a considerable portion of the material used in the construction of the house was the property of defendant, taken without the consent of defendant and commingled with the other material purchased by plaintiffs. It was the contention of plaintiffs that they had authority from the car foreman and the station agent to construct the building on the land of the defendant and use of defendant's material in its construction. The evidence as to the claim of authorization to do the acts in question given to plaintiffs by the station agent and car foreman was sharply conflicting. The testimony of the plaintiffs in this respect, conceding it to have been accepted by the jury, presented a number of questions of law relative to the authority of the station agent and car foreman as agents of the defendant corporation to bind the latter. The station agent and car foreman, not only testified that they did not give consent to construct the

building or use the material, but testified that they had no authority so to do. The proof of agency upon the part of the plaintiffs rested largely, if not entirely, upon the mere fact that Stanton was station agent at Mina, and Medill was car foreman in charge of plaintiffs in their work. But, as said by Huffcut on Agency:

"It is the conduct of the principal, and not of the agent, from which authority must be inferred." (Section 137.)

Stanton and Medill may have acted in such a way as to lead plaintiffs to suppose that they had authority to do nearly anything at Mina. As indicated by Mr. Huffcut, this is not enough. There must be some sort of a showing that the defendant held them out as having power to do the particular things which they are alleged to have done. It cannot be assumed, in the absence of proof, that a railroadman in charge of a freight and passenger business has authority to lease land belonging to the company or to give away its property; nor can it be assumed, in the absence of proof, that a mere car foreman in charge of repair work has authority to permit houses to be built on company land and to permit material belonging to the company to be used in the construction of these houses.

[2-3] Among the instructions given to the jury, at the request of the plaintiffs and excepted to by defendant, was the following:

"You are instructed that, if you believe from the evidence that the witness Stanton  *  *  *  was an agent of the defendant, the Southern Pacific Company at Mina, Nevada, having a reasonably general control of defendant's affairs at Mina, and that during said time he had knowledge that the plaintiffs were building the house in question, and that the house was upon ground claimed by the defendant, then it was his duty to notify the plaintiffs that they were building on the company's ground, and, having such knowledge, and failing to so notify the plaintiffs, the defendant is estopped from claiming ownership of said house by reason of its being built on such ground."

There is no substantial evidence in the record that will support this instruction. There is testimony that Stanton was the agent of the defendant at Mina, and also showing exactly what powers he had. There is no testimony that he had "a reasonably general control of the defendant's affairs at Mina." There is nothing in the instruction to define what the court meant by "a reasonably general control." The instruction was therefore misleading, because it permitted the jury to find against the defendant if he (Stanton) had whatever might accord with their individual ideas as to "a reasonably general control." It was part of the plaintiff's case to prove the extent of the authority possessed by Stanton. They failed to introduce any testimony showing his authority, and it was manifestly improper for the court to give an instruction permitting such a wide range of speculation on the part of the jury as was necessarily incident to the vague description of authority given by the court. See *Schlitz Brewing Co.* v. *Grimmon,* 28 Nev. 235, 81 Pac. 43; *Travers* v. *Barrett,* 30 Nev. 402, 97 Pac. 128.

We think also the court erred in refusing to give defendant's requested instructions Nos. 12 and 17, relative to the law of commingling of property. The law was correctly stated in those requested instructions, and we think there was evidence in the case which rendered them appropriate.

[4] It appears from the record that at about the time the defendant took possession of the house in question the plaintiffs were prosecuted for the larceny of certain of the lumber in the house, and that, in their presence, during the trial of this larceny case, their attorney made certain statements concerning the rights of the defendant to the possession of the building and premises. The defendant offered testimony showing what these statements were, which testimony was excluded on objection of the plaintiffs. From the record it appears that the defendant offered to prove that it had been admitted by the attorney for the plaintiffs, and in their presence,

that part of the building was constructed of lumber belonging to the defendant, and that the defendant had a right to the possession of the building, and that, as it was on defendant's land, the defendant owned the building. The court excluded this offer, and an exception was duly taken.

This testimony was offered to show that the plaintiffs had made a different claim with reference to the house at a prior time through their attorney. As this statement was made in their presence, and not objected to by them, it was error on the part of the court to exclude the offered testimony. At the trial of this case plaintiffs claimed that they had actual and lawful authority to construct the house on the defendant's land and to take the defendant's lumber. At the former trial they contended that the lumber had never been taken out of the possession of the defendant, as it was still on the defendant's land, and that they merely thought they had authority to take it.

The record contains numerous other assignments of error, but we think the views already expressed make it unnecessary to determine them.

The judgment and order are reversed, and the cause remanded for a new trial.