HACIENDA GIFT SHOP, INC., APPELLANT, *v.* LAS VEGAS HACIENDA, INC., RESPONDENT.

No. 4220

February 26, 1960                                        349 P.2d 613

*Foley Bros.*, of Las Vegas, for Appellant.

*Calvin C. Magleby,* of Las Vegas, for Respondent.

## O P I N I O N

By the Court, PIKE, J. :

Appeal from judgment of the trial court, refusing to appellant specific performance of an agreement to execute a lease.

Appellant corporation brought suit seeking a judgment requiring respondent hotel corporation to execute a lease to appellant. Appellant takes this appeal from the judgment of the trial court refusing such relief.

The trial court based its decision and judgment in favor of respondent on two grounds, one of which was lack of authority on the part of one Jacob Kozloff to act as agent for respondent in entering into the writing relied upon by appellant as constituting an agreement to enter into a lease. The writing relied upon by appellant

as a written memorandum of such nature as to comply with the requirements of the statute of frauds[1] was a letter dated July 6, 1956, written to one George Altman. Such letter written and delivered to Altman by Kozloff at Altman's request stated that it confirmed their conversations regarding a lease to Altman from the Hacienda Hotel for the operation of a gift shop at such hotel. It stated that it was agreed that Altman was to have an adequate location for the sale of items customarily sold in gift shops for a period of five years, with options to renew, and that such agreement was to be reduced to writing "in more final form on behalf of the Hacienda Hotel." It also stated that the lessor would furnish all fixtures except the cash register, and that rental would be based upon specified percentages of gross sales. The letter stated that it would serve as the basis for the lease agreement so that Altman might rely on it to purchase merchandise for sale.

So far as appears in the record, Altman, who was experienced in merchandising of the indicated type, sought the lease for himself. Kozloff, during the period of his negotiations with Altman, prior to July 6, 1956, had an agreement with respondent corporation and related corporate and partnership entities interested in the hotel and its operation, that he would be the lessee and operator of the casino at the new resort-type hotel. This agreement was, however, conditioned upon Kozloff being licensed by the state gaming control authorities to conduct the contemplated gaming operations.

Appellant contends in effect that Kozloff's relationship to the hotel during the period just referred to, was likewise that of agent for the purpose of obtaining

[1]NCL 1929, secs. 1529 and 1530, reading as follows: "Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made.

"Every instrument required to be subscribed by any person under the last preceding section may be subscribed by the agent of such party lawfully authorized."

(These statutory provisions, in substance, are now found in NRS 111.210.)

lessees of portions of the lobby premises, to be used for various types of shops, including the gift shop now under discussion.

After obtaining the July 6, 1956 letter, signed by Kozloff, Altman caused appellant corporation to be formed, which qualified on July 28, 1956 to do business in Clark County, Nevada, in which the said hotel is situated. Such corporation had as its three stockholders, Altman, his wife, and a third person. Nowhere in the record does there appear an assignment by Altman of any rights that he had to a lease as evidenced by the Kozloff letter. Altman, as an individual, was not a party to the suit brought by appellant corporation to compel the execution and delivery of the lease by respondent and, of course, is not a party to this appeal. The record is obscure upon what appellant corporation based its right to specific performance, but such contention appears to find its greatest support in the connected facts of Altman's having received the letter from Kozloff and having thereafter formed appellant corporation for the operation of the gift shop business. However, we may leave this question of a valid assignment of Altman's rights undetermined and decide the question of whether or not the record justifies the conclusion that Kozloff had real or apparent authority to act as the agent for respondent hotel corporation.

The record shows that on or about July 24, 1956 the state gaming control authorities refused to issue the license required by Kozloff for his operation of the hotel's casino, and Kozloff's connection with the enterprise appears to have terminated at that time. Kozloff testified that the respondent corporation was to operate the hotel and that another corporation was to operate the casino on the hotel premises.

He identified Warren Bayley, chairman of the board of directors of respondent, as one of the men participating in conversations in which Kozloff "* * * was instructed to seek out proper people to lease out the different concessions * * *" including the gift shop. Kozloff's testimony was far from specific in indicating

just what had been said and by whom in the conversations referred to. He did, however, testify that he talked to Altman and, as a result of the discussions, recommended that Altman be given a lease, and that he had notified Altman to that effect, and that the terms appearing in the July 6, 1956 letter were agreed upon between him and Altman. He did not testify that Warren Bayley, whom he characterized as the person who "* * * exercised full authority in all the corporations," ever gave his approval to the proposed lease to Altman. Similarly, he failed to testify that any other person with either actual or apparent authority to act upon behalf of respondent corporation ever authorized or approved the lease arrangement referred to in Kozloff's letter to Altman.

Concerning his conversations had with Kozloff and also with Altman, Bayley testified with reference to discussions concerning prospective tenants that he had told Kozloff that he would like to have Kozloff refer any interested tenants for the concessions to Bayley for further discussions, and that Kozloff had no further authority in that regard. He testified that only the board of directors of the corporation had the authority to grant leases on the hotel premises.

The trial court apparently was satisfied from this uncontradicted evidence and made its findings upon which judgment was entered that Kozloff had no authority as agent to bind the respondent corporation in any agreement to execute a lease covering the gift shop area in the hotel lobby. Such findings and judgment find substantial support in the evidence.

Appellant contends that there was a ratification by respondent of Kozloff's acts based primarily upon appellant's entry into possession, payment of rents, and purchase of merchandise, all with the knowledge of respondent. However, these facts alone were just as consistent with a month-to-month tenancy as with a leasehold. Ballard v. Nye, 138 Cal. 588, 597, 72 P. 156;

Schomaker v. Petersen, 103 Cal.App. 558, 285 P. 342, 347. The court did not give credit to the evidence offered to show ratification by respondent after the tenant's claims to a leasehold were asserted. This was within the power of the trial court. Neither do we find support in the record for appellant's contention that Kozloff had apparent authority and that respondent was estopped from denying such authority, as it does not appear that respondent through its officers or authorized agents so conducted itself as to cause appellant to believe that Kozloff was respondent's agent. So far as appears, it was Kozloff himself who made representations as to his authority, and no sufficient circumstances were present to compel a finding precluding a denial of Kozloff's authority by respondent under principles of estoppel or ratification of Kozloff's acts.

Judgment affirmed.

McNAMEE, C. J., and BADT, J., concur.