DAVID S. WOLF and REVA N. WOLF, APPELLANTS, v. BONANZA INVESTMENT CO., A CORPORATION; FIRST WESTERN SAVINGS AND LOAN ASSOCIATION, A CORPORATION; MAC L. GILSON; WILLIAM RAYSON, RESPONDENTS.

No. 4338

March 22, 1961                    360 P.2d 360

*Calvin C. Magleby,* of Las Vegas, for Appellants.

*Goldwater and Singleton,* of Las Vegas, for Respondents First Western Savings and Loan Association, and William Rayson.

*Jones, Wiener and Jones,* of Las Vegas, for Respondents Bonanza Investment Co. and Mac L. Gilson.

## OPINION

By the Court, PIKE, J.:

Appellants herein, as plaintiffs below, brought suit against respondents, seeking rescission of a certain contract for the purchase of a building lot in Las Vegas, and damages. At the close of appellants' case, respondents moved to dismiss appellants' complaint, and the trial

court entered the judgment herein appealed from, granting said motion to dismiss, and denying all relief sought by appellants.

Appellants' complaint sought rescission of a contract dated May 15, 1956 between appellants and respondent Bonanza Investment Company, charging that appellants would not have entered into said contract except for their reliance upon certain false and fraudulent representations made to them by respondents.

Respondent Rayson, vice president of the respondent Savings and Loan Association, and respondent Gilson, president of Bonanza Investment Company, allegedly falsely represented to appellants that said Savings and Loan Association would make a loan to appellants, covering the full cost of constructing a 14-unit apartment building on said lot, on the sole security of the lot and the said improvements to be placed thereon, thereby inducing appellants to purchase said lot from Bonanza Investment Company for the sum of $11,300. After having purchased the lot and having failed to obtain the loan, appellants in the action for rescission sought to recover as damages the amount of the purchase price, as well as exemplary damages.

Appellants specify as error on the part of the trial court, (1) failure to apply the correct measure of damages; (2) failure to hold that respondent First Western Savings and Loan Association was liable for the promises made by respondent Rayson. We find no merit in either of these asserted errors.

The record shows that appellant Wolf and respondent Rayson had been business acquaintances in the Los Angeles area prior to Wolf's coming to Las Vegas and renewing his acquaintanceship with Rayson. Wolf had, for a number of years, been in the mortgage business, arranging trust deeds for individuals, when he authorized Rayson to act on his behalf in arranging for the purchase, by Wolf, of the particular lot from Bonanza Investment Company. Wolf's testimony shows that Rayson was acting on behalf of Wolf and not on behalf of

the Investment Company at the time that Wolf entered into the contract of purchase. Wolf's testimony also showed that, after he had told Rayson that he understood that the particular lot in which Wolf was interested was for sale, Rayson acted for Wolf in the purchase of the lot for $11,300, some $700 less than the owner's asking price for the same. The record also shows that Wolf and Bonanza Investment Company were the only parties to the contract for the purchase of the lot by Wolf and that Wolf did not become acquainted with respondent Gilson, president of the vendor corporation, until after entering into the contract, and the escrow pertaining to the sale of the lot had been opened. Under these circumstances, Wolf could not have been in any way misled by any statements made to him by Gilson, president of Bonanza Investment Company; and the court properly refused rescission of the contract between Wolf and the Investment Company, and refused to grant Wolf any damages against either the Investment Company or Gilson, based upon any loss that Wolf may have suffered by reason of having purchased the lot. Necessarily, there was no basis for a judgment of rescission of the lot purchase agreement, based upon any representations made by Rayson to Wolf in connection with the purchase of the lot, or against respondent Savings and Loan Association, of which Rayson was vice president and loan officer, as neither was a party to said contract.

To establish authority on the part of Rayson to bind the Association, appellants relied solely upon the admitted fact that Rayson occupied the indicated official positions with said Association on the occasions when he had talked to Wolf. Rayson denied having made the oral representations concerning the loan which Wolf's testimony attributed to him.

The trial court, in granting respondents' motion to dismiss at the close of appellants' case, must be viewed as having accorded appellants' evidence, as well as all inferences which might properly be drawn from the same, the construction most favorable to appellants. In

the instant situation it was not a question of a failure on the part of the court to apply the proper test or accord appropriate weight and recognition to appellants' evidence but, rather, a failure on the part of appellants to produce evidence which would have permitted a recovery against any of the respondents. Appellants on appeal appear to have conceded that this was true, except as to respondent Rayson.

However, disregarding any such concession, we have already disposed of the issue of any liability of any respondents other than Rayson and the Association; and the record also shows that there was no evidence which would have sustained a judgment against either of them. As appellants admitted Rayson was their agent in conducting the negotiations and purchase of the lot, it is apparent that there would have been no liability on the part of the Association to appellants based upon any representations that Rayson may have made to them concerning the value of the lot. The conversations between Wolf and Rayson, and Rayson's admitted official capacity with the Association, was the only evidence relied upon by appellants to establish liability on the part of the Association. Yet, from the evidence, those discussions inextricably commingled the purchase of the lot by Rayson as appellants' agent with the contended assurances that the construction loan would be made by the Association. The only writings relating to any phase of the transaction appear to have been those placed in the escrow pertaining to the purchase of the lot and, while there was a set of plans in such escrow furnished to appellants by the seller, no specifications, cost estimates, or building contract relating to the suggested apartment house were produced. There is no showing of the amount or the approximate amount of any such construction loan, and appellants testified that they never filed any written application for such a loan. There is no evidence that the Association ever refused to make a construction loan to appellants. Upon this inadequate and obscure proof the trial court properly

concluded that there was not sufficient evidence that Rayson acted within his authority as an officer of the Association in making the contended assurances to appellants. Accordingly, there was no liability on the part of the Association, and the judgment of dismissal as to it must be sustained. There is no evidence that Rayson ever breached any assurances given by him, as an individual, upon which respondents relied to their loss or damage. There was no evidence before the trial court which would have supported a judgment for compensatory damages. A real estate man, called as a witness by appellants, testified on cross examination that the lot, zoned for a 14-unit apartment building, had a greater value than the purchase price paid by appellants. This uncontradicted evidence negatived the basis for compensatory damages against any respondent and, in the absence of a judgment for actual damages, there could not have been a valid judgment for exemplary damages. Novack v. Hoppin, 77 Nev. 33, 359 P.2d 390.

Affirmed, with costs to respondents.

BADT, C. J. and McNAMEE, J., concur.