GEORGE TSOURAS AND AVALON TSOURAS, APPEL-LANTS, *v.* SOUTHWEST PLUMBING & HEATING, J.C. JONES, AN INDIVIDUAL; J.C. JONES, DOING BUSINESS AS OWNERS BUILDERS SUPPLY CO.; LONNIE SMITH, AN INDIVIDUAL; LONNIE SMITH, DOING BUSINESS AS OWNERS BUILDERS SUPPLY CO.; TRAVELERS INDEMNITY CO., RESPONDENTS.

No. 10508

December 20, 1978                                    587 P.2d 1321

*Al Massi,* Las Vegas, for Appellants.

*Robert W. Lueck,* Las Vegas, *Pat J. Fitzgibbons,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order dismissing appellant-plaintiffs' complaint pursuant to NRCP 41(b). We affirm.

1. This case originated with a complaint filed by George and Avalon Tsouras, alleging breach of an oral contract to perform certain home improvement work. The complaint alleged that the plaintiffs had entered a contract with respondent-defendant, Southwest Plumbing and Heating, a business owned by respondent-defendant, J.C. Jones and one Lonnie Smith.[1] Respondent-defendant, Travelers Indemnity Company, was also named a defendant as surety for Southwest Plumbing and Heating under a contractor's license bond.

At the trial below, plaintiffs called Jones, who testified that

---

[1]Smith did not answer or appear in this action, and default was entered against him prior to the hearing.

he was the owner of the business known as Southwest Plumbing and Heating, and that Lonnie Smith had at one time been a qualified employee of Southwest. He further testified that Smith had no authority to enter contracts for Southwest or for Jones, and that he (Jones) had never discussed any improvement contract with the plaintiffs.

Avalon Tsouras testified that she was contacted by Lonnie Smith in regard to the completion of the remodeling work on their home, which had been begun by another construction company, then bankrupt. She testified that such work as was thereafter done was done by Smith, and that the only money expended by the Tsourases in connection with the work had been directly paid to Smith.

2.  A motion for involuntary dismissal pursuant to NRCP 41(b) "admits the truth of plaintiff's evidence and all inferences that reasonably can be drawn therefrom and that the evidence must be interpreted in the light most favorable to plaintiff and most strongly against [a] defendant." Corn v. French, 71 Nev. 280, 285, 289 P.2d 173, 176 (1955). However, as in the case at hand, when the plaintiff has failed to produce evidence which would permit recovery, the granting of such a motion must be sustained. Wolf v. Bonanza Investment Co., 77 Nev. 138, 360 P.2d 360 (1961).

---

Appellants suggest that sufficient evidence was produced to show that Smith had actual authority to enter a contract for Southwest Plumbing and Heating because he had been listed by Jones as a "qualifying employee" under NRS 624.260. We disagree. Even if no weight is accorded Jones' testimony that Smith was no longer so employed at the time of the contract with plaintiffs, the statute itself provides no support for appellants' contention. It merely provides that such employee

> shall exercise and be in a position to exercise authority in connection with his principal or employer's contracting business in the following manner:
>
> (a) To make technical and administrative decisions.
>
> (b) To hire, superintend, promote, transfer, lay off, discipline or discharge other employees and to direct them, either by himself or through others, or effectively recommend such action on behalf of his principal or employer.

NRS 624.260, subs. 3. The scope of such authority does not include the authority to enter contracts with non-employees on behalf of an employer. *See* Rankin v. New England M. Co., 4 Nev. 78 (1868).

Appellants also contend that they presented sufficient evidence of apparent or ostensible authority to permit recovery

against respondents, or, alternatively, that they were improperly prevented from doing so when the trial court refused to permit Avalon Tsouras to testify regarding representations made by Smith. These contentions are meritless.

This court has repeatedly ruled that "[a]pparent authority (when in excess of actual authority) proceeds on the theory of equitable estoppel; it is in effect an estoppel against [the alleged principal] to deny agency when by his conduct he has clothed the agent with apparent authority to act." Ellis v. Nelson, 68 Nev. 410, 418, 233 P.2d 1072, 1076 (1951). *Accord,* Rankin v. New England M. Co., *supra;* Mirodias v. S.P. Co., 38 Nev. 119, 145 P. 912 (1914); Schlitz Brew. Co. v. Grimmon, 28 Nev. 235, 81 P. 43 (1905); Hacienda Gift S. v. L.V. Hacienda, 76 Nev. 86, 349 P.2d 613 (1960); Nevada Nat'l Bank v. Gold Star Meat Co., 89 Nev. 427, 514 P.2d 651 (1973). As the court explained in *Ellis,*

> It is indispensable to keep in mind here that, as against the principal, there can be reliance only upon what the principal himself has said or done, or at least said or done through some authorized agent. The acts of the agent in question can not be relied upon as alone enough to support an estoppel. If his acts are relied upon there must also be evidence of the principal's knowledge and acquiescence in them.
>
> Moreover, in any case, the reliance must have been a reasonable one, consistent with the exercise of reasonable prudence, and the party who claims reliance must not have closed his eyes to warning or inconsistent circumstances. Authority is not 'apparent' simply because the party claiming has acted upon his conclusions. It is not 'apparent' in contemplation of law, simply because it looked so to him. . . .

68 Nev. at 419, 233 P.2d at 1076. Quoting 1 Mecham On Agency §§ 725, 726, at 513 (2d ed. 1903).

The Tsourases failed to present any evidence of conduct on the part of Jones or Southwest Plumbing and Heating which could be construed as holding Smith out as an agent with power to make contracts for Southwest Plumbing. Any representations to the contrary by Smith "were merely hearsay, and, however much the [appellants] may have been lured into relying upon them, they did not affect the rights of the [respondents]." Schlitz Brew. Co. v. Grimmon, *supra,* 28 Nev. at 249, 81 P. at 46.

Likewise, the testimony of Avalon Tsouras that Smith

offered her a business card with "Southwest Plumbing and Heating" printed thereon, in the absence of any evidence that respondents printed or issued the card, or that it purported to define the powers of Smith, is entitled to no probative weight on this issue. *Id.,* 28 Nev. at 249-50, 81 P. at 46.

Because there was no evidence presented by appellants which would have permitted recovery against respondents, Jones, Southwest Plumbing and Heating, or their surety, on the theory that Smith was acting under their actual or apparent authority, the judgment of dismissal is affirmed.