An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

EIGHTH JUDICIAL DISTRICT COURT;
STEVEN GRIERSON; ROBERT
BENNETT; AND CLARK COUNTY,
Appellants,
vs.
RONALD FOX; AND CLARK COUNTY
DEPUTY MARSHALS ASSOCIATION,
Respondents.

No. 66114

**FILED**

OCT 0 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*AMENDED ORDER OF REVERSAL AND REMAND*

This is an appeal from an order granting summary judgment in favor of respondents and denying appellant Clark County's motion for summary judgment.[1] Eighth Judicial District Court, Clark County; Charles M. McGee, Judge.

On June 18, 2015, we previously entered an order of reversal. Respondent Ronald Fox filed a petition for a rehearing on June 29, 2015. We hereby deny Fox's petition, but to clarify the previous instructions, we vacate our June 18, 2015, order and issue this amended order of reversal and remand.

Appellant Eighth Judicial District Court (EJDC) removed Fox from his position as a deputy marshal after the EJDC concluded that Fox committed misconduct. Fox requested a Step 2 post-termination hearing from appellant Clark County, as provided by a memorandum of understanding between the EJDC and respondent Clark County Deputy

---

[1]The district court construed Clark County's motion to dismiss as one for summary judgment.

15-30730

Marshals Association. Clark County refused the Step 2 hearing request, asserting that it was not a party to the EJDC's memorandum of understanding.

Fox filed suit, asking the district court to compel Clark County to abide by the memorandum of understanding. Clark County moved to dismiss, arguing that it was not Fox's employer. The EJDC intervened and agreed with Clark County that it, not the county, employed the deputy marshals. The district court decided in favor of Fox, finding that Clark County and the EJDC were de facto co-employers, that Clark County gave the EJDC apparent authority to bind Clark County to the memorandum of understanding, and that due process requires that Fox receive a Step 2 hearing. Both EJDC and Clark County filed separate appeals.

The district court reasoned that Clark County could be bound to the memorandum of understanding signed by the EJDC because Clark County's letter of agreement relinquished authority to the EJDC. The district court thus concluded that due process requires Clark County to provide Fox with a Step 2 hearing or its functional equivalent.

We fail to see how Clark County is bound by the memorandum of understanding. Clark County was not a party to the memorandum. It therefore cannot be held liable for not complying with the memorandum's provisions. *See Cnty. of Clark v. Bonanza No. 1*, 96 Nev. 643, 648-49, 615 P.2d 939, 943 (1980) ("As a general rule, none is liable upon a contract except those who are parties to it.").

The district court's conclusions of law briefly mention a theory of liability based on apparent authority. Apparent authority prevents a party from denying agency when its conduct has cloaked the agent with

apparent authority to act on the party's behalf. *Tsouras v. Sw. Plumbing & Heating*, 94 Nev. 748, 751, 587 P.2d 1321, 1323 (1978).

Here, the EJDC is not an agent, real or apparent, of Clark County. Even assuming that Clark County is a co-employer, which we decline to decide today, Clark County's letter of understanding did not give the EJDC authority to bind Clark County into another agreement. In the letter of understanding, "the court" adopted the Clark County Merit Personnel System, but Clark County did not give any authority to the court.

The record does not show that Clark County gave real or apparent authority to the EJDC to bind Clark County to the memorandum of understanding. The district court's order does not explain how, without this apparent authority, Clark County could be bound by the memorandum of understanding to which it did not agree.

Fox should have asked the EJDC to proceed with his post-termination hearings under the memorandum of understanding. If the EJDC was not receptive to such a request, he could have sued the EJDC to enforce any right to a Step 2 hearing that he might have under the memorandum. As it is, Fox sued Clark County to enforce an agreement to which Clark County was not a party. But the record does not show how Clark County could be liable under this agreement. The district court therefore erred by granting Fox's motion for summary judgment.

*Fox's NRS 289.120 claim*

Fox argues, in his petition for rehearing, that this court should remand the case because his NRS 289.120 claim was not resolved. He asserts that the district court dismissed his claim without prejudice because he did not yet exhaust his administrative remedies. He argues

that, now that he does not have an administrative remedy, the case should be remanded for the district court to consider his NRS 289.120 claim. We agree. Therefore, we amend our previous order reversing the district court's order in its entirety and instead reverse in part the district court's order granting summary judgment and remand for further proceedings on the NRS 289.120 claim.[2] *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (stating that this court reviews summary judgments de novo). Accordingly, we

ORDER the judgment of the district court REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order. We DENY Fox's petition for a rehearing.

_____, C.J.
Hardesty

_____, J.        _____, J.
Parraguirre                                    Douglas

_____, J.        _____, J.
Cherry                                          Saitta

_____, J.        _____, J.
Gibbons                                        Pickering

---

[2] The remaining claims in Fox's petition lack merit.

cc: Chief Judge, The Eighth Judicial District Court
Hon. Charles M. McGee, Senior Judge
Kamer Zucker Abbott
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Law Office of Daniel Marks
Eighth Judicial District Court Clerk