ALAMO IRRIGATION COMPANY, INC., ET AL., APPELLANTS, v. UNITED STATES OF AMERICA, RESPONDENT.

No. 4820

July 15, 1965                    404 P.2d 5

[Rehearing denied August 20, 1965]

*Gray, Horton and Hill,* of Reno, for Appellants.

*J. Edward Williams,* Acting Assistant Attorney General, *Roger P. Marquis, Martin Green, Raymond N. Zagone,* Department of Justice, of Washington, D.C., and *John W. Bonner,* United States Attorney, of Las Vegas, for Respondent.

# OPINION

By the Court, ZENOFF, D. J.:

In 1919, a statutory proceeding was initiated for the determination of the relative rights in and to the waters of Pahranagat Lake and its tributaries in Lincoln County, Nevada. In accordance with the water laws the state engineer made an investigation of the stream system and proofs of the various claims thereto.

After hearing objections to the preliminary order of determination, he prepared an Order of Determination defining the rights of the various claimants and filed the same with the District Court of Lincoln County on March 10, 1927. At the court hearing April 21, 1927, claimants and objectors appeared, presented their evidence, and the court allowed two corrections, neither of which is of concern or involved on this appeal.

On June 27, 1927, the court entered a minute order that a decree be entered affirming the determination and adjudication of rights as made by the state engineer. The minute order made no other reference to the hearing, and gave no indication or suggestion of a dispute concerning any portions of the order of the engineer.

Thereafter, the court by letter directed the attorney general to prepare the findings of fact, conclusions of law, and the final decree. The attorney general in turn requested the state engineer to draft those same documents. By the very nature of the subject matter, its complexities and intricacies, it was apparent that the composition of the findings and decree would be a difficult task. The attorney general, in fact, suggested that the state engineer follow the "Tony Creek decision" which was another water determination heard and drafted at an earlier date.

Comparing the Tony Creek decision to the decree of the court in this case, the same form was followed, except that paragraphs six and seven of the Order of Determination of the state engineer in this matter, which were not contained in the Tony Creek decision, were omitted.

One of the claimants whose rights were adjudicated was the Gardner Ranch Company. In August, 1963, respondent United States of America purchased from the Buckhorn Investment Company the lands and water rights formerly comprising the Gardner Ranch.

Paragraph six of the order of the state engineer makes provision for watering of livestock and paragraph seven allows for seasonal use of water to wash mineral salt from the soil. Throughout the years, before and after the 1929 decree, the waters were used for the purposes contained in the two paragraphs as if they were in the decree.

Upon discovery of the omission, in February, 1964, appellants filed their motion to correct the decree nunc pro tunc as of the date of its entry, October 14, 1929, arguing that the two paragraphs were left out of the decree through inadvertence and oversight, a clerical error, while respondent protested that the absence of the paragraphs is the result of a judicial determination, and no timely appeal having been taken, the appellants are without a remedy.

Respondent, as part of its answering argument, requests this court to consider the propositions that the United States of America is not a proper party to the suit because sued without its consent, and also the defense of laches. Both objections were raised in the lower court and overruled.

These objections are not properly before this court. Respondent did not cross-appeal, but filed a cross-assignment of error only as to the issue of laches. Generally, errors affecting a party who does not appeal will not be reviewed. Salter v. Ulrich, 22 Cal.2d 263, 138 P.2d 7; Alfred M. Lewis, Inc. v. Warehousemen, Teamsters, Chauffeurs and Helpers Local Union No. 542, 163

Cal.App.2d 771, 330 P.2d 53. However, our court has relaxed the strict application of this rule and will sometimes consider cross-assignments of error, without cross-appeal, in the exercise of the court's discretion. Leonard v. Bowler, 72 Nev. 165, 298 P.2d 475. In this case we do not choose to review the objections of the respondent because they were not raised by a cross-appeal and will not now be considered by the court.

The problem with which we are chiefly concerned is whether or not a decree 36 years old can be corrected to include now what was intended to be a part of the 1929 decree. It is appellants' contention that the court record establishes that the typist who transposed the Tony Creek decision into this one, was too literal and mistakenly left out the paragraphs six and seven, and that the error was not discovered by the state engineer, the attorney general, or the court.

It was the burden of the appellant to establish the proposition that the error was clerical, not judicial. Smith v. Smith, 157 Cal.App.2d 658, 321 P.2d 886. That a court can correct a clerical error in a judgment or decree without time limitation is conclusively established.

NRCP 60(a) states: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *" Sparrow & Trench v. Strong, 2 Nev. 362, 366, Ex parte Breckenridge, 34 Nev. 275, 280, 118 P. 687, overruled on another point; Lindsay v. Lindsay, 52 Nev. 26, 33–34, 280 P. 95; Brockman v. Ullom, 52 Nev. 267, 268, 286 P. 417; Silva v. District Court, 57 Nev. 468, 474, 66 P.2d 422; Finley v. Finley, 65 Nev. 113, 119, 189 P.2d 334, 196 P.2d 766, overruled on another point; Iveson v. District Court, 66 Nev. 145, 152, 206 P.2d 755; Marble v. Wright, 77 Nev. 244, 248, 362 P.2d 265.

A clerical error, as opposed to a judicial error, is defined to be "* * * a mistake in writing or copying. As

more specifically applied to judgments and decrees a clerical error is a mistake or omission by a clerk, counsel, judge, or printer which is not the result of the exercise of the judicial function. In other words, a clerical error is one which cannot reasonably be attributed to the exercise of judicial consideration or discretion.

[Headnote 7]

"A judicial error, on the other hand, is one made when the court reaches an incorrect result in the intentional exercise of the judicial function. It occurs when a judge reaches a wrong or incorrect decision in deciding a judicial question." Marble v. Wright, supra.

The appellants direct us to the court record and the circumstances and facts existing during the drafting of the findings and decree, i.e., the complexities involved in drawing findings and a decree in a water determination; that the Tony Creek decision was followed in all respects but that it did not contain paragraphs akin to six and seven and thus the same were not put in this decree; that there were no protests nor contest to the subject matter in the disputed paragraphs and therefore the trial court could not have acted specifically upon them; that the minute order clearly and entirely adopted the order of the engineer without change, reservation, or qualification; that there was continuous use of the water for said purposes reflecting an understanding that the decree allowed it; and that the foregoing, accumulated, satisfies their burden that the omission was clerical and the decree subject to correction.

But for the subject matter of the two paragraphs we would be constrained to agree with the lower court who denied the motion. However, the watering of livestock and the washing of mineral salts from ranch lands are integral, necessary, and indispensable to the territorial area concerned. Prohibiting water for such uses would most normally create a protest of sufficient strength to earn a place in the court record. The two paragraphs referred to are treated together in the briefs. While the provision for diversion of water to wash the alkali from the soil may be applicable only in certain districts, the provision for diversion for domestic use and stock water

may be said to be of universal application. Omission of this provision under the circumstances *cannot* reasonably be said to be other than a clerical error. From the absence of such reference we can only conclude that no such problem arose and that the two paragraphs were inadvertently left out in the typing of the findings and decree. The evidence, we hold, is clear and convincing. Fall River Irr. Co. v. Swendsen, 41 Idaho 686, 241 P. 1021; Application of Beaver Dam Ditch Co. (Crowell v. City of Cheyenne), 54 Wyo. 459, 93 P.2d 934.

The order denying appellants' motion is reversed.

The lower court is directed to correct the decree of October 14, 1929, by adding thereto the following:

"6. That in addition to water used during the irrigation season, each user shall be entitled to divert sufficient water for stock and domestic purposes, the amount diverted not to exceed a flow of 0.025 of a cubic foot per second at each point of use, such diversion to be made during the non-irrigating season, subject to the provisions of paragraph 3. The point of measurement of stock water shall be at the same point as selected and approved by the State Engineer for the measurement of irrigation water.

"7. That in addition to the water allowed for irrigation, stock and domestic purposes, each user in his proper proportion and priority shall also be entitled to an economical bimonthly diversion of water for washing mineral salts from his land, such diversion to be permitted from October 1 to March 14 of each year, in accordance with custom long prevailing."

THOMPSON and BADT, JJ., concur.