CENTRAL OHIO CO-OPERATIVE MILK PRODUCERS, INC., APPELLANT, *v.* ROWLAND ET AL., APPELLEE.

[Cite as Central Ohio Co-Op. Milk Producers v. Rowland (1972), 29 Ohio App. 2d 236.]

(No. 354—Decided March 13, 1972.)

Messrs. *Davidson, Heckler & Riggs*, for appellant.
Messrs. *Summers, Haupt & Theisen*, for appellee.

GRAY, J. This cause is in this court on appeal from a judgment of the Common Pleas Court granting a preliminary injunction enjoining each of the defendants from consigning milk to anyone other than plaintiff. Plaintiff feeling aggrieved filed its notice of appeal and assigned the following errors:

"The orders of the Common Pleas Court of Washington County entered February 23, 1971, nunc pro tunc, as of 11:45 a. m. on February 22, 1971 should be reversed in toto and so much of the orders of the Common Pleas Court of Washington County entered March 2, 1971 as provide, 'd. That the provision with respect to notice of termination of the agreement is unconscionable as to the Defendants,' should be reversed because of error therein, to-wit:

"1. Said orders are contrary to law

"2. Said orders are against the manifest weight and without sufficiency of evidence and are an abuse of discretion."

Defendants, feeling aggrieved, filed its notice of cross-appeal and assigned the following errors:

"Assignment of Error No. 1: The granting of an injunction was against the manifest weight of the evidence and without sufficiency of evidence, and is contrary to law.

"(A) In a court of equity, irreparable injury to plaintiff must be found before an injunction is properly granted.

"(B) A showing of irreparable injury is not accomplished in a vacuum and the record shows more actual and potential damages to defendants than to plaintiff.

"(C) Central Ohio Co-Op failed to sustain its burden of showing by clear and convincing proof a clear legal right to an injunction.

"(D) In any event, the record clearly shows that Central Ohio Co-Op did not do equity and should not have been denied equity."

Defendants filed a motion to dismiss the appeal of plaintiff as it was based upon a non-appealable order. We think that this motion is not well taken. The purpose of the temporary injunction was to compel defendants to honor the contract which they had entered into. An injunction restraining the breach of a contract is a negative specific enforcement of that contract. The jurisdiction of equity to grant such injunction is substantially coincident with its jurisdiction to compel specific performance. See Pomeroy, Equity Jurisprudence, Section 1341 (4th ed.). In an action for injunction wherein the ultimate relief sought is the adjudication of plaintiff's and defendant's property rights in a contract, the granting of a temporary injunction is a final order and appealable.

Plaintiff association was organized for the sole purpose of marketing milk produced by cows owned by its members, and performing such functions as are incidental thereto. From the very nature of things, it must have the milk or it cannot exist. It has no money with which to buy milk; hence, it cannot go on the open market and purchase milk with which to fill its contracts of sale and sustain its existence or recoup its losses, if the members fail to deliver. Even if damages were recovered against the individual producer, the money recovered therefrom would not sustain the association and enable it to do the business for which it was incorporated. Therefore, as a practical matter, it is of little consequence that the member be solvent and able to respond in damages. If the association received damages from all, or a substantial portion of its members, it would cease as a going concern, or be so seriously handi-

capped that its usefulness would be destroyed. Milk is the only commodity the association can use. All it can do with money is to pay its expenses and disburse the balance to its members. It necessarily follows that there is no adequate remedy at law.

It is claimed that the following clause in the milk marketing agreement is unconscionable:

"Either party may cancel this agreement on any anniversary date of his contract by giving written notice thereof to the other party within the first fifteen days of a forty-five day period immediately preceding the anniversary date of this contract."

The point is made that the clause was written in "fine print" and that is one reason that it is unenforceable. Another reason is that the language in this clause is too involved and is too restrictive of the rights of defendant members.

It is generally true that if a party who has a power of termination by notice fails to give the notice in the form and at the time required by his reservation, it is ineffective as a termination unless such requirements are waived by the parties. When the time and manner of exercising the power of termination is specified in the contract, an attempt to exercise it otherwise will be ineffective.

The other facet of the case which we are required to consider is the question whether the termination clause is unconscionable? The trial court held that as a matter of law, without receiving any evidence as required by R. C. 1302.15(B), that the clause was unconscionable. That section reads as follows:

"When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination."

Our research on the problem makes clear that the unconscionability of a clause is to be judged not in the abstract, but rather in its commercial setting. We believe that in order to prove unconscionableness in the termina-

240

tion clause, there must be a showing, not only that the terms thereof are onerous, oppressive or one-sided, but also that the terms bear no reasonable relation to the business risks; the showing depends on the commercial environment and cannot be made from the face of the contract alone. We are of the further opinion that, under these circumstances, a hearing should be had to make such determination, and that such a hearing is mandatory rather than discretionary once the trial court accepts a possibility of unconscionability.

Therefore, the judgment of the trial court is affirmed as to the granting of the temporary injunction and the judgment of the trial court is reversed as to the finding that the termination clause of the contract was unconscionable when such finding was made without an evidentiary hearing. The cause is therefore remanded to the trial court with instructions to conduct an evidentiary hearing to determine whether the termination clause is unconscionable in the light of its commercial setting, purpose and effect as required by R. C. 1302.15 (B).

*Judgment accordingly.*

ABELE, P. J., and STEPHENSON, J., concur.