BILL STREMMEL MOTORS, INC., Doing Business as BILL STREMMEL VOLKSWAGEN, Appellant, *v.* IDS LEASING CORPORATION, Respondent.

No. 6969

September 28, 1973

514 P.2d 654

*Frank R. Petersen,* of Reno, for Appellant.

*Hibbs & Bullis, Ltd.,* of Reno, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from a judgment in favor of IDS Leasing Corporation, plaintiff below, who commenced this action against Bill Stremmel Motors, Inc., for an alleged breach of a lease agreement when Stremmel refused to make further lease payments on faulty communications equipment which had been leased from IDS.

1. *The Facts.*

Bill Stremmel Motors, Inc., appellant herein, entered into a 96-month lease with respondent, IDS Leasing Corporation, for a Centrum Communications system manufactured by National Communications Planning Service, Inc., of Santa Clara, California, and purchased by IDS for $16,574.62. The system was selected by Stremmel after numerous conversations between Bill Stremmel and David Martin, a representative of National Communications. Martin represented to Stremmel that the installation of the system would improve the efficiency of Stremmel's communication system and would reduce maintenance and operation costs. Soon after the equipment was installed, it began to malfunction, and it was not corrected to Stremmel's satisfaction. In February 1970, Stremmel refused to make any further payments to IDS, and this action was commenced. Stremmel denied liability on the basis of failure of consideration, fraud, and breach of express warranty; Stremmel counterclaimed for rescission. The district court

found that the lease agreement contained a disclaimer of warranties, and the court further found that IDS was not bound by the representations made to Stremmel by National Communication's representative, David Martin. Based upon these findings, the court entered judgment in favor of IDS, denying Stremmel's claim for rescission. We affirm that judgment.

2. *The Issues.*

(a) Disclaimer of Implied Warranties. The lease between Stremmel and IDS contained a provision that disclaimed all warranties, both express and implied. The disclaimer read: "LESSOR MAKES NO EXPRESS OR IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS WITH RESPECT TO SUCH LEASED PROPERTY AND HEREBY DISCLAIMS THE SAME."

Stremmel asserts that the trial court erred in finding that the disclaimer effectively limited IDS's liability for economic loss. We do not agree. NRS 104.2316 provides that implied warranties of merchantability or fitness may be modified or excluded by appropriate conspicuous language.[1] The language of the disclaimer was conspicuous, written in capital letters, and specifically mentioned fitness and merchantability. There is no testimony to the effect that Stremmel did not see this disclaimer nor that it was not understood.

In spite of IDS's compliance with the aforementioned statute, Stremmel contends that the disclaimer is ineffective because the equipment failed to conform to the oral representations of Martin, resulting in a failure of consideration that rendered the contract unenforceable. This contention is meritless. A disclaimer clause is a permissible method of limiting a lessor's liability to a lessee for a product that fails to perform in accordance with the representations of the manufacturer. Transamerica Leasing Corp. v. Van's Realty Co., 427 P.2d 284 (Idaho 1967); Cinbar Engineering Co. v. Delta Leasing & Inv. Corp., 404 S.W.2d 626 (Tex.Civ.App. 1966); Northwest Collectors, Inc. v. Gerritsen, 446 P.2d 197 (Wash. 1968);

---

[1]NRS 104.2316 provides in pertinent part:
"2. Subject to subsection 3, to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that 'There are no warranties which extend beyond the description on the face hereof.' "

Sawyer v. Pioneer Leasing Corp., 428 S.W.2d 46 (Ark. 1968).

In Transamerica Leasing Corp., *supra,* the Supreme. Court of Idaho rejected the lessee's contention that the failure of three leased ice vending machines to operate as contemplated by the lessee was a failure of consideration that excused the lessee from its obligation under the lease. The court held that the consideration on the part of the lessor consisted in the lessor's providing financing to obtain and supply the machines.

In the present case, the record supports the trial court's finding that consideration did exist. The terms of the agreement as embodied in the lease were satisfied. Under those terms, the purchase of the Centrum system, the placing of that system in the possession of Stremmel, and providing Stremmel with the desired tax shelter supplied consideration on the part of IDS.

(b) Fraud as a Defense.   Stremmel further attempts to void liability under the lease by claiming that the representations by Martin, an employee of National Communications, constituted fraud, which rendered the lease void. Whatever might have been the merits of the defense of fraud, such a defense is not available to Stremmel under the facts presented. Fraud by a third party will not invalidate a contract unless the party against whom the defense is asserted has knowledge that such fraud was the inducement for the contract. Brelsford v. Whitney Trust & Sav. Bank, 69 F.2d 491 (5th Cir. 1934); Wolf v. Bonanza Inv. Co., 77 Nev. 138, 360 P.2d 360 (1961); Columbian Mut. Life Ins. Co. v. Martin, 136 S.W.2d 52 (Tenn. 1940). In the Columbian Mut. case, *supra,* the court held at 55, quoting Restatement of Contracts § 477, *comment a* (1932):

" 'As between the original parties to a transaction induced by the fraud or material misrepresentation of a third person, the injured party has power of avoidance unless the other party is not only ignorant of the fraud or misrepresentation when he enters into the transaction, but has either parted with value or has changed his position materially in reliance on the transaction. . . .' "

The record shows that IDS was unaware of the misrepresentations by an agent of National Communications. There is nothing in the record to indicate that IDS in any way accepted benefits of National Communications by participating as a

financing institution or induced Stremmel to utilize the services of National Communications. Rather, in reliance upon the selection of equipment between Stremmel and National Communications and in further reliance on the lease agreement between the parties in this appeal, IDS expended $16,574.62 in order to supply Stremmel with the equipment requested.[2]

(c) *Unconscionability of the Disclaimer.* Stremmel contends the lower court committed reversible error in not finding that the disclaimer of the warranty in the lease was unconscionable. We do not agree. A contract is unconscionable only when the clauses of that contract and the circumstances existing at the time of the execution of the contract are so one-sided as to oppress or unfairly surprise an innocent party. Uniform Commercial Code, § 2–302, Comment 1; Kugler v. Romain, 279 A.2d 640 (N.J. 1971); Central Ohio Co-op Milk Producers, Inc. v. Rowland, 281 N.E.2d 42 (Ohio App. 1972); Division of Triple T Serv., Inc. v. Mobil Oil Corp., 304 N.Y.S. 2d 191 (Sup.Ct. 1969), aff'd 311 N.Y.S.2d 961 (App. 1970). See also *Warranty Disclaimer and Limitation of Remedy for Breach of Warranty under the Code,* 43 Boston U.L. Rev. 397 (1963). In its decision, the trial court found that the disclaimer provision was effective and not unconscionable, because the parties were of the same bargaining power and they made an arm's-length transaction.[3] Such a finding is supported by the record. Stremmel at all times had the option to purchase the equipment outright, but declined to do so because of the substantial tax advantages of a lease. Both parties were

---

[2]Appellant attempts to utilize Connor v. Great W. Sav. & Loan Ass'n, 447 P.2d 609 (Cal. 1968), as authority that a financing agent or capital supplier such as IDS is liable for the acts of the seller. Such a principle cannot apply in the absence of (1) knowledge on the part of the financing institution that wrongful acts were perpetrated, (2) acceptance of the benefits of third-party acts by the financing institution, or (3) express and systematic inducement by the financing institution to utilize the goods or services of the third party. The record is devoid of facts that would impose liability under Connor.

[3]The court also found that the disclaimer related to commercial loss, not personal injury or damage. In so finding, the trial court merely placed the burden of proving unconscionability where it properly lies under the principles expressed in the Uniform Commercial Code, NRS 104.2719, which provides in pertinent part:

"3. Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not."

merchants familiar with commercial transactions. IDS was no more than a financial intermediary with which Stremmel was free to transact business.

The judgment of the district court is affirmed.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.