SIERRA CREEK RANCH, INC., a Nevada Corporation; F. GRAHAM HOLLISTER, Sr.; His Wife, JANET G. HOLLISTER; and F. GRAHAM HOLLISTER, Jr.; and His Wife, JOYCE A. HOLLISTER, Appellants, v. J. I. CASE, a Delaware Corporation Qualified to do Business in Nevada, and INDUSTRIAL LEASING CORPORATION, an Oregon Corporation, Respondents.

No. 11937

October 16, 1981                                      634 P.2d 458

*Eck, Harkins & Beckett,* Carson City, for Appellants.

*Allison, Brunetti, MacKenzie & Taylor,* Carson City, for Respondent J. I. Case.

*Laxalt & Berry* and *Richard L. Davenport,* Carson City, for Respondent Industrial Leasing Corporation.

## OPINION

*Per Curiam:*

This appeal is from entry of a judgment in favor of respondents.

J. I. Case sold a W-24 used wheel loader to Sierra Creek Ranch. The retail installment contract set forth the price and also provided that Case would warrant proper operation of the power train, engine and transmission for 90 days, in spite of a general written disclaimer that "SELLER MAKES NO REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED (INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS)". Industrial Leasing Corporation subsequently purchased the loader and leased it back to Sierra Creek Ranch.

The loader soon developed a leak in the hydraulic system which resulted in a malfunction. Case made attempts to repair the hydraulic system without success. Sierra Creek refused to make any further lease payments. On April 14, 1975, Industrial Leasing gave notice of its repossession of the loader. Industrial

Leasing held the loader in Reno, Nevada until December, 1975, and then consigned it for $12,500 to an equipment wholesaler in Stockton, California. After making some repairs on it, the wholesaler resold the loader in July, 1976 for over $20,000.

Sierra Creek Ranch filed a complaint against J. I. Case and Industrial Leasing alleging breach of express and implied warranties. Sierra Creek asked for rescission of the purchase and the lease agreements, and claimed damages for loss of equipment and profits. Industrial Leasing counterclaimed against Sierra Creek and the Hollisters, as guarantors, for the difference between the amount due on the lease and the resale price, plus incidental damages. The trial court dismissed appellants' complaint with prejudice, and awarded respondent Industrial Leasing $14,669 on its counterclaim.

1. Whether there was a warranty covering the claimed defect and whether it was breached are the issues raised by appellants. The trial court correctly determined that the disclaimer contained in the contract of sale excluded warranties, if any, outside the contract.

NRS 104.2316[1] provides that implied warranties of merchantability or fitness may be modified or excluded by appropriate conspicuous language.

In Bill Stremmel Motors v. IDS Leasing Corp., 89 Nev. 414, 514 P.2d 654 (1973), this court held that a disclaimer written conspicuously, in capital letters, was sufficent to preclude the existence of any implied or express oral warranties.

The trial court found as a matter of fact that the expressed warranty covering the power train, engine and transmission was not breached. In General Electric Supply Co. v. Mt. Wheeler Power, Inc., 94 Nev. 766, 767-68, 587 P.2d 1312, 1313 (1978), this court stated: "Where a trial court, sitting without a jury, makes factual determination based upon conflicting evidence, those determinations will not be disturbed where, as here, they are supported by substantial evidence. Havas v. Engebregson, 94 Nev. 336, 580 P.2d 122 (1978)." *See also*

[1]NRS 104.2316 provides in pertinent part:

2. Subject to subsection 3, to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

Ormachea v. Ormachea, 67 Nev. 273, 217 P.2d 355 (1950); Orr Ditch & Water Co. v. Silver State Lodge, 58 Nev. 292, 78 P.2d 95 (1938).

2. Whether the sale of the used loader after its repossession was conducted in a commercially reasonable manner in compliance with NRS 104.2706 and NRS 104.9504(3) is a question of fact to be determined by the trial court. That determination will not be disturbed on appeal if it is supported by substantial evidence. Jones v. Bank of Nevada, 91 Nev. 368, 535 P.2d 1279 (1975). The court below found that the resale of the loader "was conducted in a commercially reasonable manner". Evidence in the record supports this finding.

The entire thrust of appellants' position is a request that this court weigh the evidence and reach a position contrary to that of the trial court. That is not the function of this court. Douglas Spencer v. Las Vegas Sun, 84 Nev. 279, 439 P.2d 473 (1968).

3. No cross appeal has been filed by respondent Industrial Leasing Corporation. We will therefore not consider its contention that the district court erred in refusing to award it attorney fees and costs. *See* NRAP 4(a), 28(h), and 34(d). Moresi v. Swift, 15 Nev. 215, 220 (1880); *compare* Leonard v. Bowler, 72 Nev. 165, 298 P.2d 475 (1956) (not required when respondent could not have appealed). Industrial's claim for attorney fees on this appeal is denied.

The judgment of the district court is affirmed.

GUNDERSON, C. J., and BATJER, SPRINGER, and MOWBRAY, JJ., and ZENOFF, Sr. J.,[2] concur.

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE NOEL MANOUKIAN, Justice. Nev. Const. art. 6, § 19; SCR 10.