SHARON A. JENSEN, AMBER DEANNE JENSEN AND ANGELIKA CEGLA, APPELLANTS, *v.* THE ESTATE OF HARRY O'DELL McGOWAN, JAMES ALLEN BALLARD, EXECUTOR, RESPONDENT.

No. 15661

April 15, 1985                                         697 P.2d 1380

[Rehearing denied June 20, 1985]

*Roland S. Ericsson,* Las Vegas, for Appellant Jensen.

*Goodman, Terry, Stein & Quintana,* Las Vegas, for Appellant Cegla.

*Robert K. Dorsey,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Harry O'Dell McGowan died testate on June 30, 1983. He was survived by two daughters and a sister. In his will, McGowan made testamentary provision for one daughter, and the residue of the estate was left to his sister.[1] McGowan was an employee of the Better Building Company and had participated in the company's

---

[1]The trial court found that the decedent intentionally omitted his second daughter from the will. This issue is not before us in this appeal.

pension and trust plan. The pension plan provided for the payment of death benefits to the designated beneficiary. McGowan, however, failed to designate a beneficiary of his pension fund and also failed to seek distribution of these funds through his will. Article VII, paragraph 7.3 of the plan provides for the selection of a beneficiary in the event the participant fails to designate someone to receive such benefits. That paragraph states: "the Committee shall be empowered to designate as beneficiary the following in order of priority: The spouse, children, grandchildren, parents, brothers and sisters, and the estate of the participant."

On November 23, 1983, the trustee and trust committee of the pension plan filed a petition for instructions requesting guidance from the court as to the proper distribution of the pension benefits. In the petition the trustee sought to have the proceeds delivered to McGowan's sister, in conformance with the provisions of McGowan's will.

The district court found that the will and pension plan were to be construed alone and that neither would have any affect on the other. The court, however, gave the trustee and trust committee exclusive discretion to designate the beneficiary from the list in article VII, paragraph 7.3, without regard for the stated priorities. The trust committee designated McGowan's sister as beneficiary of the benefits awarded under the pension plan, and McGowan's daughters appealed.

The phrase "the following in order of priority" cannot be ignored. "[A]s the term is commonly used 'priority' is the quality or condition of being first in order of right; it implies that there is a second right which, although just, is subordinate to another in enforcement." Security Nat'l Bank v. Washington, 570 S.W.2d 40 (Tex. 1978).

Given the clear meaning of "priority," the inclusion of the word in paragraph 7.3 mandates that the trustee make the selection of beneficiaries from the list of eligible individuals *in the order set forth in that paragraph. See* Metropolitan Life Ins. Co. v. Thompson, 368 F.2d 791 (3rd Cir. 1966). The district court erred when it determined that the trust committee did not have to give priority to any of the classes named in the list. Therefore, that portion of the judgment is reversed and the case remanded for a determination in accordance with this opinion.[2]

---

[2]Since no cross-appeal has been filed by respondent, we will not consider its contention that the district court erred in finding the language of paragraph 7.3 to be mandatory rather than permissive. *See* Sierra Creek Ranch v. J.I. Case, 97 Nev. 457, 634 P.2d 458 (1981); Maher v. Swift, 14 Nev. 324 (1879).