OPINION
 

 Per Curiam:
 

 On September 17, 1991, Stacy Ford brought an action against Showboat Operating Company asserting claims for intentional infliction of emotional distress and for sexual harassment resulting in constructive discharge. Showboat moved the district court for summary judgment. The district court granted the motion on April 30, 1993.
 

 In its order granting summary judgment, the district court concluded,
 
 inter alia,
 
 that the conduct at issue in this case was not outrageous as a matter of law. The district court concluded further that Ford’s claim lacked merit because she had not suffered any physical harm. Thus, the district court rejected Ford’s claim of intentional infliction of emotional distress.
 

 On May 13, 1993, Ford moved the district court to amend its judgment. Ford contended that whether Showboat’s conduct was outrageous was a factual question for the jury. On August 18, 1993, the district court granted Ford’s motion to amend. In an amended order granting summary judgment, the district court
 
 *754
 
 concluded that outrageous conduct “is an issue for the trier of fact which would be for the jury if a jury had been requested.”
 

 Ford appealed from the district court’s amended order. Showboat also filed a notice of appeal.
 
 [1]
 
 Showboat purports on cross-appeal to challenge only the district court’s conclusion of law that whether the conduct involved was outrageous is a factual question for the jury.
 

 On February 7, 1994, this court ordered Showboat to show cause why its cross-appeal should not be dismissed for lack of jurisdiction. We noted that under NRAP 3A(a) only an “aggrieved” party may appeal. Because Showboat prevailed in the district court, Showboat did not appear to have been aggrieved. Showboat has responded to our order. We now address the merits of Showboat’s response.
 
 [2]
 

 DISCUSSION
 

 Showboat contends that it properly cross-appealed based on our decision in Alamo Irrigation Co. v. United States, 81 Nev. 390, 404 P.2d 5 (1965). In
 
 Alamo,
 
 plaintiffs moved the district court to correct a thirty-six year old court decree that established certain water rights to Pahranagat Lake. The United States, a defendant in that action, defended on the ground that it was immune from suit, and on the basis of laches. The district court denied the United States relief on these bases, but entered judgment for the United States on the merits of the issues in the case.
 
 Id.
 
 at 392-93, 404 P.2d at 6. In its answering brief in the plaintiffs’ appeal, the United States argued that, should the district court be found to have erred on the merits of the claims, the United States should nonetheless prevail on the theory of governmental immunity and the doctrine of laches.
 
 Id.
 
 at 393, 404 P.2d at 6.
 

 This court ruled that the United States could not raise these
 
 *755
 
 issues on appeal because the United States had not filed a notice of cross-appeal.
 
 Id.
 
 at 393, 404 P.2d at 7. In particular, this court stated: “Generally, errors affecting a party who does not appeal will not be reviewed.”
 
 Id.
 
 this court stated further that it had discretion to relax this rule in unusual cases.
 
 Id.
 
 at 394, 404 P.2d at 7.
 

 Showboat contends that
 
 Alamo
 
 indicates that parties may only challenge the district court’s conclusions of law by filing a cross-appeal. Although Showboat’s interpretation of our opinion in
 
 Alamo
 
 appears to be correct, we conclude that our decision in that case was erroneous. The opinion in
 
 Alamo
 
 is at variance with our rules of appellate procedure, with our caselaw and with federal appellate procedure.
 

 The United States Supreme Court established seventy years ago that a litigant who is not aggrieved by a judgment need not appeal from the judgment in order to raise arguments in support of the judgment not necessarily accepted by the district court:
 

 It is true that a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below.
 
 But it is likewise settled that the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it.
 

 United States v. American Ry. Exp. Co., 265 U.S. 425, 435 (1924) (emphasis added; footnote omitted). The Supreme Court has reaffirmed this rule on several occasions.
 
 See, e.g.,
 
 Schweiker v. Hogan, 457 U.S. 569, 585 n.24 (1982); Massachusetts Mut. Life Ins. Co. v. Ludwig, 426 U.S. 479, 480-81 (1976) (per curiam); Jaffke v. Dunham, 352 U.S. 280, 281 (1957) (per curiam).
 

 Under this rule, a respondent who seeks to alter the rights of the parties under a judgment must file a notice of cross-appeal.
 
 See
 
 Trustees of Atlanta v. So. Stress Wire Corp., 724 F.2d 1458, 1459 (11th Cir. 1983). A respondent may, however, without cross-appealing, advance any argument in support of the judgment even if the district court rejected or did not consider the argument. In re Robinson, 921 F.2d 252, 253 (10th Cir. 1990);
 
 *756
 
 United States v. Hilger, 867 F.2d 566, 567 (9th Cir. 1989);
 
 So. Stress Wire Corp.,
 
 724 F.2d at 1459. A majority of state courts have adopted the federal approach to cross-appeals.
 
 See, e.g.,
 
 Wheeler v. Yuma School Dist. No. One, 750 P.2d 857, 859 (Ariz. Ct. App. 1986), vacated on other grounds, 750 P.2d 860 (Ariz. 1988); People v. Mannino, 540 N.E.2d 3, 4 (Ill. App. Ct. 1989); Halladay v. Cluff, 739 P.2d 643, 645 (Utah Ct. App. 1987).
 

 Nevada law is in accordance with the federal approach to cross-appeals. NRAP 3A(a) allows an appeal only by a party who is aggrieved by a judgment. A party who prevails in the district court and who does not wish to alter any rights of the parties arising from the judgment is not aggrieved
 
 by the judgment.
 
 NRAP 3A(b) and other statutes list the orders and judgments from which an appeal may be taken; no court rule or statute provides for an appeal from a finding of fact or from a conclusion of law. This court has consistently held that the right to appeal is statutory; where no statute or court rule provides for an appeal, no right to appeal exists. State, Taxicab Authority v. Greenspun, 109 Nev. 1022, 1024-25, 862 P.2d 423, 424 (1993); Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 209, 678 P.2d 1152, 1153 (1984); Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975).
 

 Further, NRAP 4(a)(1) provides that a notice of appeal must be filed within thirty days from the date of service of notice of entry of the judgment or order appealed from. That rule also provides that “[i]f a timely notice of appeal is filed by a party, any other party may file and serve a notice of appeal within fourteen (14) days of the date on which the first notice of appeal was served . ...” We have expressly held that the timely filing of a notice of appeal is mandatory and jurisdictional with respect to a cross-appeal.
 
 [3]
 
 Mahaffey v. Investor’s Nat’l Security, 102 Nev. 462, 725 P.2d 1218 (1986). Thus, the rules contemplate appeals that stand on their own; our rules do not contemplate appeals that are jurisdictionally dependent for their existence on the existence of some other appeal.
 

 Moreover, this court has held that we “will affirm the order of the district court if it reached the correct result, albeit for different reasons.” Rosenstein v. Steele, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987);
 
 see, e.g.,
 
 Brascia v. Johnson, 105 Nev. 592,
 
 *757
 
 596, 781 P.2d 765, 768 (1989); Burroughs Corp. v. Century Steel, 99 Nev. 464, 467, 664 P.2d 354, 356 (1983). The holding in
 
 Alamo
 
 that a party must file a notice of cross-appeal in order to raise issues not accepted by the district court in support of a favorable judgment is inconsistent with these cases.
 
 [4]
 

 Showboat also relies on Sierra Creek Ranch v. J.I. Case, 97 Nev. 457, 634 P.2d 458 (1981), in support of its position that a cross-appeal is appropriate in this case. Showboat’s reliance is misplaced. In
 
 Sierra Creek Ranch,
 
 the respondent contended on appeal that although the district court correctly awarded judgment in its favor, the district court erred in refusing to award it attorney’s fees and costs.
 
 Id.
 
 at 459-60, 634 P.2d at 460. The respondent was aggrieved by the district court’s refusal to award fees and costs, and sought to increase its rights under the judgment. Thus, this court properly refused to consider the arguments regarding attorney’s fees and costs because the respondent had not filed a notice of appeal.
 

 In this case, Showboat was not aggrieved by the district court’s decision. To the contrary, Showboat prevailed in the district court on its motion for summary judgment. We conclude, therefore, that we lack jurisdiction to entertain Showboat’s cross-appeal, and we dismiss the cross-appeal.
 
 [5]
 

 [1]
 

 Showboat’s appeal is designated a cross-appeal because Showboat was the defendant below. NRAP 28(h).
 

 [2]
 

 We incorrectly stated in our order to show cause that Showboat had attempted to appeal from a finding of fact. We noted that no court rule or statute provides for an appeal from the district court’s findings of fact. Showboat correctly notes in its response to our order to show cause that its appeal is taken from a conclusion of law, rather than from a finding of fact. This distinction is of little consequence; no statute or court rule allows for an appeal from the district court’s conclusions of law. Instead, an appeal must be from a statutorily designated order or judgment. Further, we must still determine whether Showboat is an “aggrieved” party who may appeal from the district court’s order.
 
 See
 
 NRAP 3A(a).
 

 [3]
 

 NRAP 4(a) provides for the filing of multiple notices of appeal; nowhere does the rule provide for the filing of a notice of cross-appeal. A cross-appeal arises as a matter of law when parties with opposing interests file notices of appeal from a single order or judgment. In such cases, the plaintiff below is designated the appellant in this court, and the defendant below is designated the cross-appellant in this court for all appellate purposes. NRAP 28(h).
 

 [4]
 

 We have also consistently held that the timely filing of a notice of appeal is mandatory and jurisdictional. Healy v. Volkswagenwerk, 103 Nev. 329, 741 P.2d 432 (1987); Holiday Inn v. Barnett, 103 Nev. 60, 732 P.2d 1376 (1987); Rust v. Clark Cty. School District, 103 Nev. 686, 747 P.2d 1380 (1987); Knox v. Dick, 99 Nev. 514, 665 P.2d 267 (1983); Walker v. Scully, 99 Nev. 45, 657 P.2d 94 (1983); Morrell v. Edwards, 98 Nev. 91, 640 P.2d 1322 (1982). The statement in
 
 Alamo
 
 that this court has discretion to consider issues not properly before it because of the lack of a notice of appeal is inconsistent with these cases.
 

 [5]
 

 Our disposition of Showboat’s cross-appeal does not affect Ford’s appeal. Showboat may argue in its answering brief in support of the district court’s judgment that the challenged conduct in this case was not outrageous as a matter of law.