An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LYNN SCOBLE,
Appellant,
vs.
WELLS FARGO BANK, N.A.; U.S.
BANK, N.A. AS TRUSTEE,
SUCCESSOR IN INTEREST TO
WACHOVIA BANK, N.A.; AND WELLS
FARGO ASSET SECURITIES
CORPORATION MORTGAGE PASS
THROUGH CERTIFICATES SERIES
2005-11,
Respondents.

No. 61194

**FILED**

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order partially denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter.[1] Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

After an unsuccessful mediation, appellant filed a petition for judicial review. Appellant argued that respondent U.S. Bank and its loan servicer, respondent Wells Fargo, had failed to produce the necessary deed of trust assignments to establish U.S. Bank's chain of title. The district court agreed and imposed monetary sanctions on respondents. Nonetheless, the district court determined that, upon payment of the sanctions, an FMP certificate would issue. This appeal followed.

---

[1]We have determined that oral argument is not warranted in this case. NRAP 34(f).

13·21749

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must, among other things, bring the required documents, including each assignment of the deed of trust. NRS 107.086(4); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

On appeal, appellant contends that the district court abused its discretion by concluding that an FMP certificate could issue after respondents paid their sanctions. We agree.[2] *See Holt v. Reg'l Trustee Servs. Corp.*, 127 Nev. ___, ___, 266 P.3d 602, 607 (2011) ("[D]enial of an

---

[2]On appeal, respondents argue that appellant improperly raised her arguments regarding the assignments for the first time in her reply to respondents' opposition to the petition for judicial review and that we should reverse the district court's finding of noncompliance on this basis alone. We decline to do so, as respondents did not point out this procedural impropriety to the district court during either of the hearings, and the district court thereafter considered the arguments on their merits. *Cf. Arnold v. Kip*, 123 Nev. 410, 416-17, 168 P.3d 1050, 1054 (2007) (treating an argument raised for the first time in a district court motion for reconsideration as properly part of the appellate record when the district court proceeded to entertain the argument on its merits).

We likewise decline to review the merits of the district court's underlying determination that respondents failed to produce an assignment from Wells Fargo to Wachovia, as respondents have not provided any meaningful argument on appeal to this effect. *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider an issue when a party fails to provide cogent argument supported by salient authority).

FMP certificate follows automatically from a finding the statutory FMP requirements have been shirked .... [A] district court abuses its discretion if it does *not* order the FMP certificate withheld for noncompliance with the FMP requirements." (citations omitted)). Accordingly, we reverse the district court's order denying appellant's petition for judicial review insofar as it permitted an FMP certificate to be issued, and we remand this case for further proceedings consistent with this order.[3]

It is so ORDERED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[3]In light of our disposition, we need not consider appellant's alternate argument regarding Wells Fargo's alleged lack of authority. Moreover, to the extent that respondents ask for a reversal of the district court's imposition of monetary sanctions, we are unable to do so, as respondents did not file a cross-appeal. *Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994) ("[A] respondent who seeks to alter the rights of the parties under a judgment must file a notice of cross-appeal.").

cc:     Hon. Patrick Flanagan, District Judge
        Keith J. Tierney
        Nevada Legal Services/Las Vegas
        Nevada Legal Services/Reno
        Tiffany & Bosco, P. A.
        Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A