An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CAROL MUCINSKI, AN INDIVIDUAL,
Appellant,
vs.
BRUNO NOLTE, AN INDIVIDUAL,
Respondent.

No. 61072

**FILED**

MAY 14 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order dismissing a complaint for failure to timely move for an enlargement of time in which to serve process. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

Shortly before NRCP 4(i)'s 120-day time frame for serving process expired, appellant submitted a motion for a 60-day enlargement directly to the district court's chambers.[1] Roughly three weeks after the 120-day time frame expired, the district court signed an order granting the motion, at which point appellant formally filed the signed order and the previously submitted motion.

After being served by publication, respondent filed a motion to dismiss, arguing that dismissal was appropriate because, among other reasons,[2] appellant lacked good cause for failing to timely file her motion

---

[1]Respondent argues on appeal that there is no evidence in the record to conclusively demonstrate that appellant's motion was submitted before the 120-day time frame expired. Having considered this argument, we conclude that it does not affect our resolution of this appeal.

[2]The district court did not consider these alternative reasons in rendering its dismissal order, and respondent does not argue on appeal
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15646

to enlarge. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. ___, ___, 245 P.3d 1198, 1201 (2010) (recognizing that when a motion to enlarge the time for service is filed after NRCP 4(i)'s 120-day time frame has expired, the party seeking the enlargement must demonstrate good cause for failing to timely move for the enlargement). The district court granted the motion, and this appeal followed.

On appeal, appellant contends that the district court abused its discretion in granting respondent's motion to dismiss. *Id.* at ___, 245 P.3d at 1200 (explaining that this court reviews a district court order granting a motion to dismiss for failure to timely serve process or to timely move for an enlargement for an abuse of discretion). We agree. The only reason identified by the district court regarding why it found an absence of good cause for appellant's failure to timely move for an enlargement was that respondent was prejudiced. Even assuming that respondent was prejudiced, this factor is not relevant to the consideration of whether good cause existed for appellant's failure to timely move for an enlargement. *See id.* at ___, 245 P.3d at 1201 (identifying several relevant factors and indicating that any other factor a district court considers when determining whether good cause exists for filing an untimely enlargement motion should "relate to difficulties encountered by a party in attempting service").

In contrast, the record on appeal demonstrates that the relevant factors weigh in favor of the existence of good cause for

---

*...continued*
that these reasons could provide alternative bases for affirmance. *See Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994). Thus, we need not consider these issues.

SUPREME COURT
OF
NEVADA

(O) 1947A

appellant's failure to timely file her enlargement motion. Specifically, respondent had knowledge of the lawsuit's existence, and appellant exercised reasonable diligence to serve respondent within the 120-day time frame upon learning midway through the time frame that respondent's insurer no longer planned to represent respondent in the underlying action. *Id.* (recognizing that a defendant's knowledge of the action and a plaintiff's diligence in attempting service are relevant factors). Moreover, appellant's failure to formally file the motion in a timely manner was due in part to her belief that she was following "local practice" in submitting the motion directly to chambers and due in further part to the court's own delay in granting the motion. Because it was reasonable for appellant to seek a ruling on her motion before continuing her attempts to serve respondent, this consideration likewise supports the existence of good cause. *Id.*

Thus, we conclude that the district court abused its discretion when it found that appellant lacked good cause for failing to timely file her enlargement motion. *Id.* at ___, 245 P.3d at 1200. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

                                         _____, J.
                                          Hardesty

_____, J.                  _____, J.
Douglas                                     Cherry

cc: Hon. Gloria Sturman, District Judge
Howard Roitman, Settlement Judge
James S. Kent
Law Office of Daniel Marks
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A