# IN THE SUPREME COURT OF THE STATE OF NEVADA

MEIME, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Appellant/Cross-Respondent,
vs.
CHRISTOPHER HOMES RIDGES, LLC,
A NEVADA LIMITED LIABILITY
COMPANY,
Respondent/Cross-Appellant.

No. 67814

FILED

MAY 1 1 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal and cross-appeal from a district court judgment in a real property contract action.[1] Eighth Judicial District Court, Clark County; J. Charles Thompson, and Jerome T. Tao, Judges.

The district court granted judgment in favor of Christopher Homes Ridges, LLC based on the factual finding that MEIME, LLC "provided no evidence that any homes were actually sold to 'buyers' during 2009 at prices lower than [MEIME's] own 'base price.'" Having considered the parties' arguments and evidence introduced at trial, we agree that this finding was clearly erroneous.[2] *Cf. Weddell v. H2O, Inc.*, 128 Nev. 94, 101,

---

[1]Christopher Homes Ridges, LLC's cross-appeal is dismissed. *See Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994) (concluding that a party "who seeks to alter the rights of the parties under a judgment must file a notice of cross-appeal" but recognizing that a party "may . . . without cross-appealing, advance any argument in support of the judgment even if the district court rejected or did not consider the argument"). We have considered all arguments asserted in Christopher's combined answering brief and opening brief and in its reply brief in rendering this disposition. *See id.*

[2]We are not persuaded by Christopher's suggestion that the district court, in failing to mention the $2.2 million sale of Lot 16, implicitly found that the Lot 16 sale was irrelevant.

 

271 P.3d 743, 748 (2012) (recognizing that this court will not uphold a district court's factual finding when it is clearly erroneous).

Christopher contends, however, that this court should nevertheless affirm the judgment because the finding regarding appellant's "base price" was also clearly erroneous and that, when recognized as such, the evidence introduced at trial was sufficient to support Christopher's theory of the case. We decline to affirm on this basis because there is arguably conflicting evidence regarding the district court's "base price" finding and because adopting Christopher's theory of the case would require us to make additional evidentiary determinations in the first instance. *Cf. Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983) ("This court is not a fact-finding tribunal."). Instead, we vacate the district court's judgment and remand this matter. On remand, the successor judge shall exercise his or her discretion in determining the extent to which witnesses need to be recalled or a new trial held. *See* NRCP 63. Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc: Chief Judge, The Eighth Judicial District Court
Hon. J. Charles Thompson, Senior Judge
Robert F. Saint-Aubin, Settlement Judge
Kaempfer Crowell/Las Vegas
The Hayes Law Firm
Eighth District Court Clerk