# IN THE SUPREME COURT OF THE STATE OF NEVADA

COLLEEN L. ROBINSON, N/K/A
COLLEEN LENNOX,
Appellant,
vs.
MICHAEL B. ROBINSON,
Respondent.

No. 73751

FILED

OCT 02 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

Colleen Robinson appeals from a district court order modifying child support. Second Judicial District Court, Family Court Division, Washoe County; David Humke, Judge. We affirm.

Colleen argues that the district court abused its discretion by imputing $55,000 in annual income to her ex-husband Michael Robinson when he lost his job, rather than the $125,000 he could have earned by moving out of state and away from his children. Additionally, Colleen argues that the district court erred when it deemed her willfully underemployed and imputed $16 per hour to her and that the child support modification did not serve the children's best interest.

"We will not reverse an order or judgment unless error is affirmatively shown." *Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 1051, 881 P.2d 638, 644 (1994). We affirm because Colleen has failed to affirmatively establish error. It would be unreasonable to require Michael to move out of state to maintain his prior income level, *see e.g., Wasiolek v. Wasiolek*, 380 A.2d 400, 403 (Pa. Super. Ct. 1977) (cautioning against elevating the "financial well-being" of children over their "emotional well-being"), and Colleen failed to present evidence that would support an alternative amount of income to impute to Michael, *see* 140 Am. Jur. 3d 1

18-38417

*Proof of Facts* § 7 (2014) ("It is not sufficient to demonstrate only what the party had been making before the loss of income, but the moving party must also adduce evidence of vocational abilities and employment opportunities."). Given the evidence before it, the district court was also within its discretion to find Colleen willfully underemployed and to impute to her income of $16 per hour. *See* NRS 125B.080(8); *Rivero v. Rivero*, 125 Nev. 410, 438, 216 P.3d 213, 232 (2009) ("This court reviews the district court's decisions regarding child support for an abuse of discretion."). Further, the district court appropriately considered the best interests of the children and made the necessary factual findings to modify the parties' child support obligations. *See* NRS 125B.145(2)(b).

To the extent Michael urges us to enlarge his rights under the district court's order, we lack jurisdiction to consider those arguments because Michael did not file a notice of cross-appeal. *See Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994) ("[A] respondent who seeks to alter the rights of the parties under a judgment must file a notice of cross-appeal."). The parties' requests for sanctions are also denied. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

Supreme Court
OF
Nevada

(O) 1947A

cc: Hon. David Humke, District Judge, Family Court Division
Allison MacKenzie, Ltd.
Law Offices of William D. McCann
Michael B. Robinson
Washoe District Court Clerk