# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant/Cross-Respondent,
vs.
U.S. BANK N.A., A NATIONAL BANKING ASSOCIATION; AND NATIONSTAR MORTGAGE, LLC, A FOREIGN LIMITED LIABILITY COMPANY, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE LXS 2006-4N TRUST FUND, ERRONEOUSLY PLED AS U.S. BANK, N.A.,
Respondents/Cross-Appellants.

No. 81293

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal and cross-appeal from a district court judgment following a bench trial, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.[1]

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

U.S. Bank and Nationstar have cross-appealed. They do not argue that any portion of the district court's judgment should be reversed, and it appears they cross-appealed to advance an argument that was not addressed in the district court's judgment. Because they did not need to file a cross-appeal to make that argument, we dismiss the cross-appeal. *See Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994) (recognizing that a party "may . . . without cross-appealing, advance any argument in support of the judgment even if the district court rejected or did not consider the argument").

21-26894

The district court granted judgment in favor of respondents U.S. Bank and Nationstar (the banks), concluding that the banks' predecessor made a superpriority tender that prevented the first deed of trust from being extinguished by the HOA's foreclosure sale, such that appellant SFR Investments took title to the property subject to the deed of trust. *Cf. Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 607-12, 427 P.3d 113, 118-21 (2018) (holding that tendering the superpriority portion of an HOA's lien cures the default as to that portion of the HOA's lien by operation of law and that an ensuing foreclosure sale does not extinguish a first deed of trust). In so doing, the district court rejected SFR's argument that NRS 106.240's 10-year limitations period operated to discharge the deed of trust in 2018 by virtue of a Notice of Default that the banks' predecessor recorded in 2008. It reasoned alternatively that (1) the banks' 2015 quiet title counterclaim tolled the 10-year period, or (2) the statute did not apply because SFR was not a party to the loan secured by the deed of trust.

SFR contends that the district court erred in both respects.[2] However, we need not address SFR's contentions, as the record provides an alternative basis for affirming the district court's judgment. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court). Namely, the record demonstrates that after the banks' predecessor recorded the 2008 Notice of Default, the predecessor recorded a Notice of Rescission that same year. The Notice of Rescission is substantively identical to a

---

[2]SFR does not contest the district court's determination that the superpriority tender preserved the deed of trust.

notice we considered in *Glass v. Select Portfolio Servicing, Inc.*, Docket No. 78325, Order of Affirmance, at *2-3 (July 1, 2020). In *Glass*, we reasoned that because the Notice of Rescission rescinded the previously recorded Notice of Default, the Notice of Rescission "effectively cancelled the acceleration" triggered by the Notice of Default such that NRS 106.240's 10-year period was reset. *Id.* at *3. We therefore conclude that the Notice of Rescission in this case had the same effect.

SFR contends that *Glass* is "radioactive," which we presume means "was wrongly decided." Having considered SFR's arguments in this respect, we are not persuaded. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.          _____, Sr. J.
Stiglich                      Gibbons

cc:     Hon. Gloria Sturman, District Judge
        Kristine M. Kuzemka, Settlement Judge
        Kim Gilbert Ebron
        Akerman LLP/Las Vegas
        Gerrard Cox Larsen
        Fennemore Craig P.C./Reno
        Eighth District Court Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.