DANNY WALKER, Appellant, v. DR. ARMAND SCULLY, Respondent.

No. 13335

January 26, 1983                    657 P.2d 94

*Houston, Moran & Kennedy,* Las Vegas, for Appellant.

*Vargas & Bartlett,* and *Steven Glade,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Walker initiated an action in district court alleging

medical malpractice. Respondent subsequently moved to dismiss for lack of prosecution. An order granting the motion and dismissing the complaint with prejudice was filed on February 4, 1981. The following day respondent served written notice of entry of the order. Appellant filed a motion for rehearing on February 9, 1981. On April 3, 1981, the district court denied the motion, and a notice of appeal was filed.

Our preliminary review of the record revealed that the notice of appeal was not filed within the thirty-day period specified in NRAP 4(a).[1] Accordingly, we issued an order directing appellant to show cause why the appeal should not be dismissed on jurisdictional grounds.

Appellant submitted a memorandum of authorities in response to our order. Appellant contends that the district court granted an extension of time within which to file the notice of appeal, and that he filed the notice of appeal well before the extended deadline had expired.

Contrary to appellant's suggestion, the district court lacked authority to extend the thirty-day period within which Walker could file his notice of appeal.[2] *See* Ross v. Giacomo, 97 Nev. 550, 635 P.2d 298 (1981); Culinary Workers v. Haugen, 76 Nev. 424, 357 P.2d 113 (1960); Novack & Sons v. Hoppin, 75 Nev. 475, 345 P.2d 769 (1959). Accordingly, the notice of appeal was untimely.[3] We are therefore without jurisdiction to entertain the appeal. Morrell v. Edwards, 98 Nev. 91, 640 P.2d 1322 (1982).

This appeal is hereby dismissed.

---

[1]NRAP 4(a) provides, in relevant part, as follows:

In a civil case in which an appeal is permitted by law from a district court to the Supreme Court the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within thirty (30) days of the date of service of written notice of the entry of the judgment or order appealed from.

[2]The only legal authority cited by appellant on this point is NRAP 4(a), which provides no authority for a district court judge to grant an extension of time for filing the notice of appeal.

[3]The motion for rehearing did not toll the running of the thirty-day period set forth in NRAP 4(a). Whitehead v. Norman Kaye Real Estate, 80 Nev. 383, 395 P.2d 329 (1964); NRAP 4(a). Appellant argues that he was precluded from filing the notice of appeal until after the district court ruled on the motion for rehearing. Appellant has cited no authorities in support of this argument, and we are aware of none.