LEE HEALY as Administratrix of the Estate of PATRICIA MARIE HEALY, deceased, and BRIAN HEALY, by and through his Guardian ad Litem, LEE HEALY, Appellants, *v.* VOLKSWAGENWERK AKTIENGESELLS-CHAFT, VOLKSWAGEN OF AMERICA, SHELL OIL COMPANY, KINGS BEACH SHELL STATION, CLARK YOUNG, individually and dba KINGS BEACH SHELL STATION and FRED JAY RADTKE, Respondents.

No. 18022

August 21, 1987                    741 P.2d 432

*Riley M. Beckett,* Carson City, for Appellants.

*Beckley, Singleton, DeLanoy, Jemison & List,* and *Joseph J. Van Walraven,* Reno; *Eugene J. Wait,* Reno; *Shamberger, Georgeson, McQuaid & Thompson,* Reno; *Erickson, Thorpe, Swainston, Cobb & Lundemo,* Reno, for Respondents.

## OPINION

*Per Curiam:*[1]

---

[1]This appeal was previously dismissed in an unpublished order of this court. Pursuant to the request of counsel for respondent Volkswagen of America, we have determined that out decision should be issued in a published opinion. Accordingly, we hereby issue this opinion in place of our order dismissing this appeal filed on May 27, 1987.

This is an appeal from an order of the district court granting respondents' motion to dismiss appellants' complaint. Respondents have moved to dismiss this appeal on the ground that appellants failed to file a timely notice of appeal. Appellants oppose the motion.

The district court entered its order dismissing appellants' complaint on January 13, 1987. The following day, on January 14, 1987, respondent Kings Beach Shell Station served appellants by mail with written notice of entry of the district court's order. Thereafter, three of the remaining respondents served appellants by mail with separate written notices of entry on January 15, 1987, January 16, 1987, and January 27, 1987, respectively. Appellants filed the notice of appeal on February 23, 1987.

Respondents contend that because appellants' notice of appeal was not filed within thirty-three days of service of any of the first three notices of entry of judgment, appellants filed an untimely notice of appeal which failed to vest jurisdiction in this court to hear this appeal. *See* NRAP 4(a); NRAP 26(c); Alvis v. State, Gaming Control Bd., 99 Nev. 184, 660 P.2d 980 (1983) (this court lacks jurisdiction to entertain an appeal where the notice of appeal was filed beyond the time provided in NRAP 4(a)).

Appellants contend, however, that the time for filing their notice of appeal commenced to run and should be computed from the date of service of the last notice of entry of judgment served by respondent Shell Oil Company on January 27, 1987. Appellants maintain that by serving multiple notices, respondents created a confusing situation which misled appellants into believing that the time for filing the notice of appeal would not commence to run until all the respondents had served notices of entry of the judgment. Further, appellants suggest that by serving successive notices, respondents may have admitted that something was wrong with each prior notice and that, therefore, the last notice vitiated the prior notices, thus rendering them nugatory. *See* Ross v. Giacomo, 97 Nev. 550, 635 P.2d 298 (1981). We disagree. Our decision in *Ross v. Giacomo* involved *one* respondent who served successive notices of entry of judgment. Thus, in that case, the respondent, acting alone, created a confusing situation which we concluded should not accrue to his benefit. Here, multiple respondents filed successive notices. There is no indication that any respondent in this litigation had the ability or obligation to influence the conduct of the other respondents. Each respondent acted independently of the others in serving the various notices. Moreover, service of the initial notice of entry of judgment clearly provided appellants with actual notice that a written order dismissing their complaint as to all the respondents had been entered. Under these circumstances, we conclude that

service of the first notice of entry of judgment commenced the running of the time for filing the notice of appeal. The subsequent service of additional notices of entry by the other respondents did not operate to extend the time for filing a notice of appeal beyond the period provided by NRAP 4(a). *Cf.* Walker v. Scully, 99 Nev. 45, 657 P.2d 94 (1983) (the thirty-day period specified in NRAP 4(a) may not be extended by the district court).

NRAP 4(a) requires that a notice of appeal in a civil case "shall be filed . . . within thirty (30) days of the date of service of written notice of the entry of the judgment or order appealed from." NRAP 26(c) allows three extra days for filing a notice of appeal where written notice of entry of the order was served by mail. Because the first written notice of entry of judgment was served by mail on January 14, 1987, appellants had until February 16, 1987, within which to file a timely notice of appeal. Appellants, however, filed the notice of appeal on February 23, 1987, seven days beyond the time provided by NRAP 4(a) and NRAP 26(c). Consequently, appellants' untimely notice failed to invoke this court's jurisdiction to entertain this appeal. *See* Walker v. Scully, 99 Nev. 45, 657 P.2d 94 (1983). Accordingly, we hereby grant respondents' motion, and we

ORDER this appeal dismissed.