An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY FEDOR,
Appellant,
vs.
LOIDA FEDOR,
Respondent.

No. 64107

**FILED**

MAY 1 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a post-divorce decree district court order denying a motion to set aside an order for attorney fees and awarding additional attorney fees. Eighth Judicial District Court, Family Court Division, Clark County; Cynthia Dianne Steel, Judge.

In September 2012, the parties entered into a post-divorce decree stipulation and order providing that they would share joint physical custody of their minor child. In January 2013, appellant filed a motion for primary physical custody, for a child interview, and for other relief. Respondent filed an opposition and countermotion for attorney fees and/or sanctions because appellant's motion was brought in bad faith or without basis. On April 22, 2013, the district court denied appellant's motion and granted respondent's countermotion for attorney fees based on appellant's failure to make a good faith attempt to resolve the issues under EDCR 5.11, and the court entered an order awarding $2,142.85 in attorney fees to respondent on June 3, 2013.

Appellant filed a motion to set aside the attorney fees award arguing that he had complied with EDCR 5.11 by sending respondent's

15-15384

attorney a letter of settlement after filing his motion. Respondent filed an opposition and a countermotion for additional attorney fees. After a hearing, the district court entered an order on August 27, 2013, denying appellant's motion to set aside and granting respondent's countermotion for attorney fees in the amount of $4,942.67. On September 23, 2013, appellant filed this appeal from the August 27 order.[1]

Appellant first challenges the $2,142.85 attorney fees award arguing that he had complied with EDCR 5.11. EDCR 5.11(a) provides that before any family division motion is heard by the court, the movant must attempt to contact the opposing party for the purpose of resolving the matter without court intervention and that failure to do so may result in sanctions and attorney fees awarded to the non-movant if, in the court's opinion, the issues would have been resolved if the movant had made the attempt. Appellant contends that he sent a letter to opposing counsel requesting settlement after filing his motion and that the district court failed to make any specific finding about whether the matter could have been resolved.

---

[1]In his civil appeal statement filed in this court, appellant also challenges the order denying his motion to modify custody entered on April 22, 2013, with notice of entry served on April 24, 2013. Appellant did not timely appeal from that order, and we lack jurisdiction to consider it. See NRAP 4(a)(1); Healy v. Volkswagenwerk Aktiengesellschaft, 103 Nev. 329, 331, 741 P.2d 432, 433 (1987) (noting that an untimely notice of appeal fails to vest jurisdiction in this court).

Having considered appellant's argument and reviewed the record before this court, we conclude that the district court did not abuse its discretion in awarding the attorney fees. *See Miller v. Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005) (providing that a district court's award of attorney fees is reviewed for an abuse of discretion). The record reflects that under the circumstances of the case appellant's actions did not comply with the intent and requirements of EDCR 5.11.

Appellant also contends that the $4,942.67 attorney fees award was punitive and not based on the work actually performed, and that appellant should have been awarded his pro se fees and costs. We conclude that the district court had legal grounds upon which to base the award and did not abuse its discretion in awarding the attorney fees to respondent or in denying any request for fees and costs incurred by appellant. *See* NRS 18.010(2)(b) (allowing the court to award attorney fees to the prevailing party when a claim is brought without reasonable ground or to harass the prevailing party); EDCR 7.60(b)(1), (3), (5) (allowing the imposition of attorney fees as a sanction when a party presents a frivolous motion, unreasonably increases costs, or refuses to comply with a court order). Additionally, respondent's request for attorney fees was supported by a memorandum of fees and costs and a statement of the factors under *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969), and appellant did not file an

opposition to respondent's memorandum of fees and costs setting forth the amount of attorney fees requested, *see* EDCR 2.20(e) (providing that a party's failure to file a written opposition to a motion may be construed as an admission that the motion is meritorious and consent to granting the motion). We, therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Cynthia Dianne Steel, District Judge, Family Court Division
Gregory Fedor
R. Nathan Gibbs
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A