Our review of the documents submitted to this court pursuant to NRAP 3(g) reveals a jurisdictional defect. Specifically, the notice of appeal appears to be untimely filed under NRAP 4(a) because it appears that it was filed more than 30 days after service of written notice of entry of the orders appealed from. See NRAP 4(a)(1) ; NRAP 26(c). Written notice of entry of the custody order was filed and served by mail on December 11, 2017, and written notice of entry of the order denying NRCP 60(b) relief was filed and served by mail on January 11, 2018.[1] Appellant's notice of appeal from the custody order was due no later than January 16, 2018, and from the order denying NRCP 60(b) relief no later than February 15, 2018.[2] See Holiday Inn v. Barnett , 103 Nev. 60, 732 P.2d 1376 (1987) (indicating that an order denying a motion seeking NRCP 60(b) relief is independently appealable). Appellant did not file his notice of appeal until March 1, 2018.
An untimely notice of appeal fails to vest jurisdiction in this court. See Healy v. Volkswagenwerk Aktiengesellschaft, 103 Nev. 329. 741 P.2d 432 (1987). Accordingly, we
ORDER this appeal DISMISSED.[3]

On December 29, 2017, appellant filed a motion "for Orders to Set Aside Order," which the district court construed as a motion seeking NRCP 60(b) relief.

Thus, even if appellant's motion seeking NRCP 60(b) relief could be construed as tolling the time to file the notice of appeal from the custody order, see AA Primo Builders, LLC v . Washington, 126 Nev. 578, 245 P.3d 1190 (2010), the notice of appeal was still untimely filed.

Respondent's motion to dismiss for lack of jurisdiction filed on March 29, 2018, is denied as moot.