# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN ESPIREDION VALERIO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74686

FILED

MAY 2 1 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from an amended judgment of conviction, entered after appellant was afforded a new penalty hearing in a death penalty case. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Our initial review of this appeal revealed that the notice of appeal may have been untimely filed. The amended judgment of conviction was entered on November 2, 2017, but the notice of appeal was not filed in the district court until December 7, 2017, after the expiration of the 30-day appeal period prescribed by NRAP 4(b). "[A]n untimely notice of appeal fails to vest jurisdiction in this court." *Lozada v. State*, 110 Nev. 349, 352, 871 P.2d 944, 946 (1994). Accordingly, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction.

In response, counsel for appellant states that he filed a motion for new sentencing in the district court prior to entry of the amended judgment of conviction. The district court orally denied the motion on December 5, 2017. The time to file the notice of appeal should begin to run on December 5, 2017, he argues, because the motion for new sentencing affected the judgment of conviction and the notice of appeal.

18-19291

Counsel for appellant appears to assert that the motion for new sentencing tolled the time to file the notice of appeal. NRAP 4(b)(3) identifies three tolling motions in criminal cases: a motion in arrest of judgment, a motion for a new trial based on grounds other than newly discovered evidence, and a motion for a new trial based on newly discovered evidence. A motion for new sentencing is not identified as a tolling motion.

To the extent appellant asserts that his motion for new sentencing was actually a motion in arrest of judgment or a motion for a new trial, he provides no cogent argument or authority in support of this contention, and we thus decline to address it. *Cf. Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (explaining that this court need not address issues raised on appeal that are not supported by relevant authority and cogent argument); NRAP 27(a)(2) (requiring that a motion contain legal argument necessary to support the relief sought). We also note that even if the motion for new sentencing can be construed as a motion in arrest of judgment or a motion for new trial based on grounds other than newly discovered evidence,[1] it appears that the motion was untimely filed, *see* NRS 176.515(4) (requiring the motion to be filed within 7 days after the verdict or finding of guilt unless the court extends the time for filing within the 7-day period), and thus did not toll the time to file the notice of appeal, *see* NRAP 4(b)(3) (providing that the time to file the notice of appeal is tolled where the defendant *timely* files a motion in arrest of judgment or motion for new trial based on grounds other than newly discovered evidence).

---

[1]Appellant's motion asserted that he was improperly sentenced by the district court to life without the possibility of parole plus a consecutive sentence of life without the possibility of parole because the jury only sentenced him to one sentence of life without parole and was not informed that appellant faced a consecutive life sentence.

To the extent appellant contends that the notice of appeal was timely filed because the parties and the district court agreed that the time to file the notice of appeal would begin on December 5, 2017, we disagree. The district court lacks the authority to extend the time to file a notice of appeal. *Walker v. Scully*, 99 Nev. 45, 657 P.2d 94 (1983).

Appellant filed his notice of appeal on December 7, 2017, after the expiration of the 30-day appeal period established in NRAP 4(b)(1)(A). Accordingly, we conclude that we lack jurisdiction, and we

ORDER this appeal DISMISSED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Eric Johnson, District Judge
       Oronoz & Ericsson, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk