# IN THE SUPREME COURT OF THE STATE OF NEVADA

FIRST 100, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
REPHINA LOUIE,
Respondent.

No. 71182

FILED

SEP 28 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a final judgment in a contract action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Having considered the parties' arguments and the record on appeal, we conclude that we lack jurisdiction to review the order appellant First 100, LLC, seeks to challenge in this appeal. Nevada has adopted the Uniform Arbitration Act of 2000, which authorizes appeals from orders denying arbitration. NRS 38.247(1)(a). Here, First 100 asserts that its "appeal focuses on whether the district court erred when it denied [its] motion to compel arbitration," but First 100 was served with notice of that order's entry on March 23, 2016, and did not file a notice of appeal until August 26, 2016. Because First 100 failed to appeal the district court's order denying its motion to compel arbitration within thirty days after written notice of that order's entry was served, its appeal is untimely. NRS 38.247(1)(a) (authorizing appeal from an order denying a motion to compel arbitration); NRS 38.247(2) (providing that an appeal from an order denying arbitration "must be taken as from an order or a judgment in a civil action"); NRAP 4(a)(1) (setting the time limit for civil appeals as "no later

18-38010

than 30 days after the date that written notice of entry of the judgment or order appealed from is served"); *Healy v. Volkswagenwerk Aktiengesellschaft*, 103 Nev. 329, 330, 741 P.2d 432, 432 (1987) ("[T]his court lacks jurisdiction to entertain an appeal where the notice of appeal was filed beyond the time provided in NRAP 4(a)."); *see Dakota Payphone, LLC v. Alcaraz*, 121 Cal. Rptr. 3d 435, 447 (Ct. App. 2011) (observing that "[a] party who fails to take a timely appeal from a decision or order from which an appeal might previously have been taken cannot obtain review of it on appeal from a subsequent judgment or order" (internal quotation omitted)); *Bradford v. Wynstone Prop. Owners' Ass'n*, 823 N.E.2d 1166, 1170 (Ill. App. Ct. 2005) (stating that "an order or decree from which an appeal might have been taken may not be reviewed on appeal from a subsequent order entered in the same cause" (internal quotation omitted)); *Blackburn v. King Inv. Grp., LLC*, 162 A.3d 461, 464 (Pa. Super. Ct. 2017) (concluding under a rule allowing appeal of certain interlocutory decisions that the appeal period begins to run from entry of the order, and failure to timely appeal "renders any attack of that order untimely and waived" (internal quotation omitted)).

Although First 100's notice of appeal is timely as to the district court's final judgment, First 100 expressly declines to make any arguments on appeal as to the substantive merits of the district court's summary judgment on liability and damages, stating that it "will neither address, nor concede, the district court's conclusion that [First] 100 breached any of its contractual duties" nor concede whether genuine issues of fact remained.

First 100 instead argues only that the district court erred in denying its motion to compel arbitration, but, as explained above, its failure to timely appeal that decision precludes our review of that order.[1] Therefore, we ORDER this appeal DISMISSED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

---

[1]First 100's argument that the district court lacked subject matter jurisdiction to consider respondent's claims because of a mandatory arbitration provision in the parties' purchase and sale agreement is unavailing given that (1) the district court had jurisdiction to decide First 100's motion to compel arbitration and denied it, (2) First 100 failed to appeal from that decision, and (3) the district court otherwise has jurisdiction to decide the breach of contract claims raised in the complaint. *See* NRS 38.221(1)(b) (providing that "[o]n a motion of a party showing an agreement to arbitrate and alleging [the other party]'s refusal to arbitrate, . . . the [district] court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate"); *cf.* 9 U.S.C. § 4 (2012) ("A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any . . . district court which, save for such agreement, would have jurisdiction . . . in a civil action . . . of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.").

cc: Hon. Ronald J. Israel, District Judge
Stephen E. Haberfeld, Settlement Judge
Maier Gutierrez & Associates
Marquis Aurbach Coffing
Eighth District Court Clerk