IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| AMERICAN RIVER LANE TRUST,<br>Appellant,<br>vs.<br>CITIMORTGAGE, INC.,<br>Respondent. | No. 79100 |

FILED

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge. We review the district court's factual findings for substantial evidence and its legal conclusions de novo, *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018), and affirm.[1]

We recently held in *9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 136 Nev., Adv. Op. 8, 459 P.3d 227, 232 (2020) (*Cranesbill Trust*), that payments made by a homeowner can cure the default on the superpriority portion of an HOA lien such that the HOA's foreclosure sale would not extinguish the first deed of trust on the subject property. We also held in *Cranesbill Trust* that whether a homeowner's payments cured a superpriority default depends upon the actions and intent of the homeowner and the HOA. *Id.* at 231.

Here, the district court found that the former homeowners made payments exceeding the superpriority portion of the HOA's lien and

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-23427

that the HOA applied those payments to the monthly assessments comprising that portion of the lien. We conclude that substantial evidence supports this finding. *Radecki*, 134 Nev. at 621, 426 P.3d at 596. Although appellant contends that Tiffany Stanfill lacked the personal knowledge to testify regarding the payments' allocation, appellant did not timely object to her testimony in that respect,[2] and we are not persuaded that the district court committed reversible error in relying on this testimony to make the finding regarding the payments' allocation. Similarly, although appellant contends that the superpriority portion of the HOA's lien included assessments for February 2009 such that the former homeowners' payments could not have fully satisfied the superpriority portion, appellant did not raise this argument in district court,[3] and we decline to consider it for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Thus, consistent with *Cranesbill Trust*, the district court correctly determined that the former homeowners' payments cured the superpriority default such that the first deed of trust was not extinguished by the foreclosure sale.[4]

---

[2]Although appellant contends that its counsel objected, the record demonstrates that counsel objected to an ensuing question. *Cf. Ringle v. Bruton*, 120 Nev. 82, 95, 86 P.3d 1032, 1040 (2004) (observing that the purpose of a timely objection is to allow the trial court to contemporaneously correct any prejudice or error).

[3]The district court specifically asked respondent's counsel during his closing statement whether January 2009 was the appropriate date to calculate the superpriority amount. Appellant's counsel did not correct the record at that time, nor did appellant identify this calculation error as an issue in its motion to alter or amend.

[4]Although appellant argues that it is protected as a bona fide purchaser, appellant's purported bona-fide-purchaser status is inapposite.

Respondent contends that the district court erred in not awarding damages related to respondent's unjust enrichment claim. However, respondent did not cross-appeal the district court's judgment, so we lack jurisdiction to consider this issue. *See Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994) ("[A] respondent who seeks to alter the rights of the parties under a judgment must file a notice of cross-appeal."); *Healy v. Volkswagenwerk Aktiengesellschaft*, 103 Nev. 329, 331, 741 P.2d 432, 433 (1987) (recognizing that timely filing an appeal is a jurisdictional requirement). Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                                        Cadish


cc:    Hon. Elizabeth Goff Gonzalez, District Judge
       Law Offices of Michael F. Bohn, Ltd.
       Akerman LLP/Las Vegas
       Eighth District Court Clerk

---

*See Cranesbill Trust*, 136 Nev., Adv. Op. 8, 459 P.3d at 232 (providing that a party's status as a bona fide purchaser is irrelevant when the superpriority default is cured before the foreclosure sale).