# IN THE SUPREME COURT OF THE STATE OF NEVADA

GRADY EDWARD BYRD,
                    Appellant,
        vs.
CATERINA ANGELA BYRD,
                  Respondent.

No. 81198

FILED

AUG 14 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from district court orders awarding attorney fees. Eighth Judicial District Court, Clark County; Rhonda Kay Forsberg, Judge.

When this court's initial review of the docketing statement and documents before this court revealed a potential jurisdictional defect, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the notice of appeal was untimely filed.

Notice of entry of the challenged orders was served electronically on March 18 and 27, 2020, respectively. Thus, the notices of appeal were due to be filed in the district court by April 17 and 27, 2020, respectively. *See* NRAP 4(a)(1); NRAP 26(a)(1)(C); NRCP 6(a)(1)(C). However, appellant did not file the notice of appeal in the district court until May 14, 2020, well past the deadline. Appellant suggested in his docketing statement that the notice of appeal is timely pursuant to the governor's Declaration of Emergency Directive 009 (Revised). Section 2 of that directive states that "[a]ny specific time limit set by state statute or regulation for the commencement of any legal action is hereby tolled from [April 1, 2020] until 30 days from the date the state of emergency declared

SUPREME COURT
OF
NEVADA

(O) 1947A

20-30128

on March 12, 2020 is terminated." This court noted that the time limitation to file a notice of appeal is not established by state statute or regulation, but by court rule. Thus, the directive did not appear to apply to the time to file a notice of appeal.

In response to the order to show cause, appellant concedes that the notice of appeal was untimely filed. However, appellant notes that the challenged orders were entered "immediately following the eruption of the pandemic and the executive orders issues by Governor Sisolak essentially closing down business." He asserts that because of the emergency order and an "initial lack of clarity as to who could continue to operate during the shutdown," he did not immediately receive notice of entry of the orders and did not correctly calendar the response dates. Appellant also represents that the district courts "adopted and applied [directive 009] to the existing court rules." Appellant suggests that this court "adopt the suspension of timing rules that was uniformly adopted in the district court."

Respondent replies that appellant was actively involved in the litigation in this matter during the relevant time frame and does not demonstrate that he was prevented from timely filing the notice of appeal. Respondent contends that the governor's Declaration of Emergency Directive 009 (Revised) does not affect the time to file a notice of appeal and the Eighth Judicial District Court's Administrative order does not apply to jurisdictional requirements.

Appellant's notice of appeal was untimely filed. *See* NRAP 4(a)(1). The Declaration of Emergency Directive 009 (Revised) does not apply to deadlines established by this court's rules. And this court is unable to extend the deadline to file a notice of appeal. NRAP 26(b)(1)(A) ("[T]he court may not extend the time to file a notice of appeal except as provided

in Rule 4(c)."). Accordingly, this court lacks jurisdiction, *see Healy v. Volkswagenwerk Aktiengesellschaft,* 103 Nev. 329, 330, 741 P.2d 432 (1987), and

ORDERS this appeal DISMISSED.

_____, J.
Parraguirre

_____, J.　　　　_____, J.
Hardesty　　　　　　　　　　　　　Cadish

cc:　Hon. Rhonda Kay Forsberg, District Judge
　　　Mills & Anderson Law Group
　　　Webster & Associates
　　　Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A