IN THE SUPREME COURT OF THE STATE OF NEVADA

RICKY NOLAN,
                         Appellant,
            vs.
STEVEN WOLFSON; MARY K.
HOLTHUS; JAMES R. SWEETIN;
SARAH OVERLY; CLARK COUNTY
DISTRICT ATTORNEYS OFFICE;
FRANK R. LOGRIPPO; STEFANY
MILEY; AND KATLYN BRADY,
                         Respondents.

No. 83616

**FILED**

JAN 2 8 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is a pro se appeal from an August 11, 2021, district court order dismissing appellant's complaint, denying a motion to appoint counsel, and denying a motion for reconsideration.[1] Eighth Judicial District Court, Clark County; Jessica K. Peterson, Judge.

A notice of appeal in a civil case must generally be filed in the district court within 33 days of service of notice of entry of the order challenged on appeal. *See* NRAP 4(a)(1); NRCP 6(d); NRAP 26(c). Here, the certificate of service attached to the notice of entry of the August 11, 2021, order states that the notice of entry was served on appellant by mail on August 19, 2021. Each of appellant's four notices of appeal were

---

[1]Appellant also identifies a district court minute order in his notices of appeal, but such a minute order is not appealable. *See State, Div. of Child and Family Serv's v. Eighth Judicial Dist. Court*, 120 Nev. 445, 454, 92 P.3d 1239, 1245 (2004) ("[D]ispositional court orders that are not administrative in nature, but deal with the procedural posture or merits of the underlying controversy, must be written, signed, and filed before they become effective.").

22-02893

untimely filed in the district court more than 33 days later. *See* NRAP 6(a) (regarding computation of time).

Apparently recognizing that the notices of appeal were untimely filed, appellant asserted in his notices of appeal and his docketing statement that the district court clerk did not timely serve him with notice of the minute order and seemed to assert that he never received notice of the written order. Appellant also filed an unopposed motion for clarification in which he again asserted that the clerk's office did not timely notify him of the minute order denying his complaint and did not serve him with the written order.

Service by mail is complete upon mailing. *See* NRCP 5(b)(2); NRAP 25(c)(3). However, when an "appellant avers that he did not receive the notice of entry of judgment, there is a legitimate question of fact as to whether the notice was ever mailed." *Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983). Appellant's assertions regarding his receipt of notice of the district court's decision appeared to raise a genuine issue of fact as to whether the notice of entry of the August 11, 2021, order was actually mailed to appellant on August 19, 2021. Therefore, this court remanded this matter to the district court to determine whether respondents mailed the notice of entry of order to appellant on August 19, 2021, as indicated in the certificate of service. *See id.* ("This court is not a fact-finding tribunal."); NRCP 58(e) (providing that notice of entry of order must be served by a party in cases that do not involve family law).

The district court has now filed a response to this court's order. The response does not contain express findings of fact but states that notice of entry of the court's order was mailed to appellant on August 19, 2021, and recounts the testimony of two witnesses who testified that the notice of

entry was mailed to appellant on August 19, 2021. This court construes the response as a determination that the notice of entry was mailed to appellant on August 19, 2021.

As the notice of entry of the August 11, 2021, order was mailed to appellant on August 19, 2021, appellant had until September 23, 2021, to file the notice of appeal in the district court or deliver the notice of appeal to a prison official for mailing. *See* NRAP 4(d), 6(a). Appellant's earliest-filed notice of appeal was not filed in the district court until October 4, 2021, and was dated September 26, 2021, after the time to file a notice of appeal expired. This court has steadfastly recognized that the appeal period under NRAP 4(a)(1) starts from the date notice of entry of order is served; thus, the date appellant received the notice of entry of order is irrelevant. *See, e.g., Healy v. Volkswagenwerk Aktiengesellschaft*, 103 Nev. 329, 331, 741 P.2d 432, 433 (1987); *Walker v. Scully*, 99 Nev. 45, 46, 657 P.2d 94, 94-95 (1983); *Zugel*, 99 Nev. at 101, 659 P.2d at 297 (considering a claim that appellant did not timely receive the notice of entry of judgment and remanding to the district court for a factual finding as to whether notice was actually mailed, not whether notice was actually received). Because the notice of appeal was untimely filed, this court lacks jurisdiction to consider this appeal, *see Healy*, 103 Nev. at 331, 741 P.2d at 433, and

ORDERS this appeal DISMISSED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

cc: Hon. Jessica K. Peterson, District Judge
Ricky Nolan
Clark County District Attorney/Civil Division
Eighth District Court Clerk