# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO: A. I. B.; AND D. M.X. A., MINORS.

THERESA CHINEZ D.,
          Appellant,
vs.
CLARK COUNTY DEPARTMENT OF FAMILY SERVICES; A. I. B.; AND D. M.X. A., MINORS,
          Respondents.

No. 84298

FILED

AUG 12 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is an appeal from a district court order terminating appellant's parental rights. Eighth Judicial District Court, Clark County; Cynthia N. Giuliani, Judge.

When initial review of the notice of appeal and documents before this court revealed a potential jurisdictional defect, this court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it appeared that the notice of appeal was untimely filed. Notice of entry of the challenged order was electronically served on appellant's counsel on January 11, 2022. *See* NRCP 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."). Therefore, the notice of appeal was due to be filed in the district court by February 10, 2022. *See* NRAP 4(a)(1). However, the notice of appeal, which is dated February 12, 2022, was not filed in the district court until February 16, 2022.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-25319

Appellant asserts in response that she understood from her district court counsel that she had to file the notice of appeal after 30 days. Appellant notes that she cannot file documents pro se while represented by counsel and asserts her counsel should have filed the notice of appeal or withdrawn from the case. Appellant's counsel also asserts that it appears appellant attempted to file a notice of appeal on February 11, 2022.

Respondents A.I.B. and D.M.X.A. reply that the notice of appeal was untimely and must be dismissed.[1] They point out that the challenged order included a notice of right to appeal informing appellant of the right to appeal and that any appeal must be filed "no later than 30 days after the date that written Notice of Entry of the Order is served." The certificate of service for the notice of entry indicates that both appellant and her counsel were served with the notice of entry, and appellant's counsel was orally permitted to withdraw on January 12, 2022. A.I.B. and D.M.X.A. contend that appellant cites no authority for the proposition that an exception to the requirements of NRAP 4(a)(1) exists based upon a misunderstanding between an appellant and her counsel or counsel's alleged failure to file a notice of appeal. Even if there were an exception, appellant's argument regarding the alleged inaction of her district court counsel is not persuasive. And appellant's February 11, 2022, filing is still untimely.

Respondent Clark County Department of Family Services (CCDFS) agrees that the notice of appeal was untimely filed.[2] CCDFS also

---

[1]The motion of A.I.B. and D.M.X.A. for leave to file exhibits to their reply under seal is granted. *See* NRS 128.090(7). The clerk shall file the exhibits received on July 11, 2022, under seal.

[2]CCDFS's untimely motion for an extension of time to file a reply is granted. NRAP 26(b)(1)(B). The reply was filed on July 13, 2022.

points out that appellant was notified in the challenged order of the right to appeal. Appellant's confusion with her counsel, CCDFS argues, does not excuse the untimely filing.[3]

Appellant's pro se notice of appeal was untimely filed more than 30 days after notice of entry of the challenged order was served on appellant's counsel. *See* NRAP 4(a)(1). While this court is sympathetic to appellant's assertions, this court lacks jurisdiction to consider an untimely notice of appeal and cannot extend the time to file the notice of appeal. *Healy v. Volkswagenwerk Aktiengesellschaft*, 103 Nev. 329, 330, 741 P.2d 432, 432 (1987); NRAP 26(b)(1)(A) ("[T]he court may not extend the time to file a notice of appeal except as provided in Rule 4(c)."). Accordingly, this court lacks jurisdiction and

ORDERS this appeal DISMISSED.

_____, J.
Silver

_____, J.        _____, J.
Cadish                              Pickering

_____

[3]This court disagrees with CCDFS's suggestion that this appeal should be dismissed because the notice of appeal does not sufficiently identify the order challenged on appeal.

cc: Hon. Cynthia N. Giuliani, District Judge
The Grigsby Law Group
Legal Aid Center of Southern Nevada, Inc.
Clark County District Attorney/Juvenile Division
Eighth District Court Clerk

